## McINTOSH v. LEE.

1. **Pleading: EVIDENCE: JUDICIAL NOTICE.** Where the petition alleged that the written lease in question was executed March 10th, 1878, which was Sunday, and the lease bore the same date, parol evidence that it was not executed on the day it bore date was incompetent. Courts will take judicial notice that a particular date falls on Sunday.

2. **Lease: VOID: RATIFICATION OF.** The mere occupation of premises will not amount to a ratification of a void lease. Some new promise or condition in respect thereto is necessary.

3. **Damages: PROOF OF: PRACTICE.** The amount of damages must be proved or the party is entitled to nominal damages only; and a judgment will not be reversed for a failure to assess mere nominal damages.

*Appeal from Winneshiek Circuit Court.*

MONDAY, DECEMBER 12.

THE petition of plaintiff alleges that on the 10th day of March, 1878, the defendant, Arent Thompson Lee, entered into a written lease for certain premises from plaintiff for the term

of three years, commencing on the 1st day of March, 1879, and agreed to pay one-half of grains raised thereon; that when the term commenced there was about 90 acres of plowed land on the premises, and defendant, by the terms of the lease, in part consideration for the use of the premises, agreed to plow the ground, plowed as aforesaid, each fall, and have the plowing done at the end of the term in a good and husbandman-like manner; that in the fall of 1879 the defendant neglected and refused to do all the plowing that he should have done as agreed by him by the terms of the lease, and still refuses so to do; that the reasonable value of the plowing which the defendant should have done, and which he did not do, is the sum of sixty dollars; that the defendant has abandoned the premises and refuses to fulfill the lease, to the damage of plaintiff in the sum of five hundred dollars. The plaintiff asks judgment for these sums, and that a writ of attachment issue to enforce his landlord's lien upon certain grain grown upon the premises. The defendant filed an answer as follows:

"1. Denies that he is indebted to the plaintiff in any sum whatever.

"2. Defendant further answering shows that he admits the execution and delivery of the lease in plaintiff's petition set out, but avers that the same was so executed and delivered on Sunday, and therefore the same is void."

The cause was tried to the court and judgment was rendered for defendant. The plaintiff appeals.

*Willet & Willet*, for the appellant.

No argument for the appellee.

DAY, J.—I. The plaintiff testified that the lease was not executed on Sunday, and that after the delivery of the lease the defendant entered upon possession of the premises, and cultivated them one year. No other evidence was introduced. To the testimony that

1. PLEADING: evidence: judicial notice.

the lease was not executed on Sunday the defendant objected as incompetent, for the reason that no issue of that kind is presented in the pleadings, and the evidence tends to vary the terms of a written contract. The court made no ruling upon the objection, but, upon the submission of the cause, rendered judgment for the defendant. The petition alleges that the defendant entered into the written lease in question on the 10th day of March, 1878. Courts take judicial notice that the 10th day of March, 1878, was Sunday. The petition, therefore, in effect alleges that the lease was executed on Sunday. The answer alleges the same thing. Notwithstanding this allegation of the pleadings, the plaintiff seeks to have the court consider his testimony that the lease was not executed on Sunday.

If the plaintiff had alleged that the lease, although bearing the date of March 10th, 1878, was not in fact executed upon that day, it might have been competent to prove upon what day the lease was executed. But under a petition alleging that it was executed on the day it bears date, it was not competent to prove that it was executed upon a different date.

II.   It is claimed that whilst the petition does not in terms allege a subsequent ratification of the contract, yet it alleges

2. LEASE: void: ratification of.

facts which, under a liberal construction, show a ratification. We think the petition does not allege a ratification of the lease. It does not expressly allege that the defendant entered upon and occupied the premises, except as implied from the allegation that he abandoned them. But something more than mere occupation of the premises would be necessary to the ratification of the lease. That might render the tenant liable under an implied promise for the *quantum meruit,* but not for the rent stipulated in the lease according to its terms. To that end some new promise to perform the terms of the lease, or something equivalent thereto, is necessary.

III.   There is another reason why the judgment in this case

cannot be reversed. The first part of the answer tenders no

**3. DAMAGES:**
**proof of:**
**practice.** issue upon any allegation of fact in the petition. *Mann v. Howe*, 9 Iowa, 546. "Every material allegation of the pleading not controverted by a subsequent pleading, shall, for the purpose of the action, be deemed true." Code, section 2712. " But an allegation of value, or amount of damage, shall not be deemed true by a failure to controvert it." *Id.*

The allegation, therefore, that the plaintiff is damaged sixty dollars on account of a failure to do the breaking, and five hundred dollars on account of the abandonment of the premises, is not admitted by a failure to deny it.

The plaintiff introduced no proof of the amount of his damages, and was, therefore, at the most, entitled to a judgment for but nominal damages.

We have held that we will not reverse a case and order a new trial for a failure to assess mere nominal damages. *Watson v. Van Meter*, 43 Iowa, 76.

The judgment is

AFFIRMED.