No. 9132.

## THOMAS v. NOEL.

EMBLEMENTS.—*Sheriff's Sale.—Redemption.—Landlord and Tenant.—Crops.*— The law favors the right of one who sows to reap, but, if he knows he can not reap before the expiration of his right of possession, he sows at his peril; so, where an execution defendant remains in possession of real estate sold on execution during the year for redemption and puts in a crop which will not mature until after the year expires, and he fails to redeem, he is not entitled to such crops.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies,* for appellant.
*W. P. Edson* and *E. M. Spencer,* for appellee.

Woods, J.—The appellant sued the appellee for an alleged unlawful conversion of wheat.   The evidence in the case consisted of an agreed statement of the facts, made a part of the record by an order of the court, and the question discussed by counsel is whether, upon the facts so stated, the decision of the court in favor of the defendant was right.

The following are the facts:

On the 4th day of March, 1879, the land upon which the wheat was grown was duly sold by the sheriff to the appellee, by virtue of an execution issued upon a judgment against the appellant, who owned and was at the time in possession of the land, and remained in possession until March 15th, 1880, when the defendant, to whom, in default of a redemption from the sale, the sheriff had made a deed, took possession ; the crops of wheat and corn which matured in the summer and fall of 1879, the appellant took, and in November, 1879, sowed wheat

upon the land, and in the summer of 1880 re-entered upon the land and undertook to reap the crop from the seed so sown, but was forbidden to do so by the defendant. The plaintiff nevertheless cut a part of the wheat, and the defendant, who cut the remainder, carried it all away, to wit, 180 bushels, worth 60 cents per bushel.

The appellant clearly had no right to any part of the wheat. While the general rule, adopted for the promotion of agriculture and husbandry, is that the one who sows shall reap, it is equally well settled that the tenant who sows, knowing that he can not reap before the expiration of his tenancy and right of possession, does it at his peril.

The position of one whose land has been sold on execution and whose right of possession must expire at the end of a year from the sale, unless he redeems, can not be better. *Heavilon* v. *Farmers Bank, etc., ante,* p. 249. It may be said that he intended to redeem, and was prevented by unforeseen and uncontrollable causes; but the law can not enquire into the good faith of such a pretence. The party in such situation must know, or at least make his own estimate, of his ability to redeem, and if he chooses to put out crops which he may not reap within the year given him to redeem, without securing by agreement with the purchaser of the land the rights of a tenant after the expiration of the year, he must suffer the consequences. See Taylor Landlord and Tenant, sections 534–6; 1 Washb. Real Prop. (3d ed.) 118–124.

Judgment affirmed, with costs.