ROGERS ET AL. VS HILL.

Opinion delivered October 4, 1901.

1. *Indian Lands—Sale to Non-Citizen Void—Purchaser Holds as Tenant at Will.*

> A conveyance of lands in the Chickasaw Nation to a white man, a non-citizen, is absolutely void; following ruling in case of Case vs Hall, 2 Ind. Ter. Rep. 8 (46 S. W. 180); and the purchaser under such invalid conveyance holds merely as a tenant at will.

2. *Unlawful Detainer—Demurrer to Answer Denying Title.*

> Where an answer in an action of unlawful detainer, brought by the assignee of an Indian citizen against a white man in possession under an invalid conveyance from the plaintiff's assignor, denies that plaintiff has any rights in or claims to the land in controversy by virtue of the sale to him by the defendant's landlord, such answer is demurrable because attempting to deny the title derived from the landlord.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Evans Hill against B. F. Rogers and others. Demurrer to defendants' answer sustained. Defendants appeal. Affirmed.

This is an action of unlawful detainer by Evans Hill, a citizen of the Chickasaw Nation, as plaintiff, against B. F. Rogers and others, citizens of the United States. The complaint alleges that in 1890 one R. J. Green, a Chickasaw Indian, was the owner of an improved farm in the Chickasaw Nation, which he at that time leased to appellant B. F. Rogers for the term of eight years; that in November, 1899, plaintiff (appellee here) purchased the premises in controversy from Green for a valuable consideration; that the

term of tenants had expired; that he had served upon them notice to vacate the premises,—and prayed judgment for possession and damages. The answer of defendants admits the rental contract between R. J. Green and B. F. Rogers, and that the said Rogers took possession thereunder, but alleges that in 1696 the said B. F. Rogers, for a valuable consideration, purchased the premises in controversy from the said R. J. Green, and afterwards, in December, 1899, the said Rogers sold the premises to one W. T. Shannon, a Chickasaw Indian, and now holds possession thereof as the tenant of said Shannon, and that the other defendants are his (Rogers') subtenants. One paragraph of the answer (the fifth) is as follows: "These defendants, and each of them, deny that the said plaintiff has any right, title, interest, or claim to the said lands, or any part thereof, by virtue of any transfer thereof made to him by the said Dutch Green." Copies of the transfers and rental contracts referred to are attached to the pleadings. A general demurrer was filed to the answer, which was sustained by the court, and judgment entered for plaintiff for possession and costs. Motion for new trial was filed and overruled, and the cause regularly appealed.

*Johnson & Carter.* for appellants.

*J. W. Cherryholmes,* for appellee.

CLAYTON, J. Appellants assign the following errors: (1) The court erred in sustaining plaintiff's demurrer to defendant's answer; (2) the court erred in holding that the deed from Green to Rogers was void; (3) the court erred in holding that a transfer, such as Green executed, did not terminate the relation of landlord and tenant; (4) the court erred in sustaining demurrer to defendants' answer, because the fifth paragraph of said answer was good. The assignments may all be considered together, as they all necessarily depend upon a determination of the question as to whether or not the conveyance of Green to Rogers in 1896 terminated

the relation of landlord and tenant between them. It is not contended by appellants, and is unquestionably not the law, that the transfer from Green to Rogers passed the title to the land, but appellents contend that under the rule laid down by this court in Kelly vs Johnson, 1 Ind. T. 184, (39 S. W. 352 ) it gave them the right of possession and occupancy as against any individual person, whether an Indian or not. But we do not think the rule announced there applies to this case. In the case of Kelly vs Johnson the controversy was over a town lot, and the possession of the citizen of the United States was upheld on the theory that the custom of permitting white men to hold lots by purchase had become too well established to be questioned. But this is a controversy over an improved farm, and comes squarely within the rule laid down by this court in the case of Case vs Hall, 2 Ind. T. Rep. 8 (46 S. W. 180;) and, as held in that case, an attempt to sell the land to a white man cannot be upheld, and a conveyance for that purpose is absolutely void.

We do not think that the lease for eight years from Green to Rogers was legal, but as this is not raised, and it would make no particular difference if it were, it may be stated that the appellants were tenants from year to year until the 1st of January, 1898. After that they became tenants at will, and demand for possession terminated the tenancy, and the right to maintain this action accrued. And the purchase by Hill of Green's title gave Hill the same rights as were possessed by Green. But, considering that the attempted conveyance, void as far as passing title is concerned, annulled the rental contract between the parties, is the appellant in any different attitude? We think not. It has been uniformly held that possession under an invalid conveyance or contract of sale creates a tenancy at will, and where a tenant goes into possession under an invalid lease his tenancy at its inception is merely a tenancy at will. Hall vs Wallace, 88 Cal. 434, 26 Pac 360; Packard vs Railroad Co., 46 Ill. App 244; Lehman vs Nolting, 56 Mo. App.

549; Howard vs Merriam, 5 Cush. 583; McIntosh vs Lee, 57 Iowa, 356, 10 N. W. 895. In this case, treating the rental contract as terminated, the appellant B. F. Rogers was holding possession of the premises under the void contract of sale, and was therefore a tenant at will of Green; and notice to quit and demand for possession gave him the right to maintain action for unlawful detainer. And his assignee, Evans Hill, would be subrogated to all his rights. As to the other appellants, they being the admitted subtenants of B. F. Rogers, they stand in the same relation with him to the appellee herein.

The appellants further contend that the court erred in sustaining the demurrer to the fifth paragraph of the answer, above set out. While it is true that a tenant is not permitted to dispute his landlord's title, he may yet deny that the party seeking to oust him of possession is his landlord; and, if the paragraph referred to had denied the fact of the execution of the conveyance from Green to Hill, it would have been good as against a demurrer. But, on the contrary, it inferentially admits the execution, and denies that it conferred title. And the court held, properly, that this contention was not tenable; that the execution of the instrument being admitted, it was sufficient to pass title from Green to Hill. Finding no error in the record, the action of the court in sustaining the demurrer is therefore affirmed.

GILL and RAYMOND, JJ., concur.