BRISTOW et al. v. CARRIGAR et al.

No. 2730. Opinion Filed May 6, 1913.

Rehearing Denied June 20, 1913.

(132 Pac. 1110.)

1. JUDGMENT—Conclusiveness—Intruder's Court—Jurisdiction. History of case reviewed, and held, that the trial court had jurisdiction of the subject-matter and the parties.

2. NEW TRIAL—Waiver of Grounds—Disqualification of Juror. An allegation in a motion for new trial examined, and held not to charge disqualification of a juror sufficient to warrant the court in setting aside the verdict.

(Syllabus by Robertson, C.)

*Error from District Court, Coal County;*
*A. T. West, Judge.*

Action by J. W. Carrigar and another against A. J. Bristow and another to recover damages on replevin bond. Judgment for plaintiffs, and defendants bring error. Affirmed.

*A. J. Bristow (J. H. Stolper* of counsel), for plaintiffs in error.

*J. G. Ralls,* for defendants in error.

Opinion by ROBERTSON, C. This is an action to recover damages on a replevin bond. It appears from the record that Bristow and the Carrigars were having trouble over the possession of a certain tract of land, together with the crops growing thereon, during the year 1904; that Bristow, in September, 1905, brought an action in replevin against the Car-

rigars before a United States Commissioner at Atoka, and sought thereby to recover a quantity of corn that had been grown by the Carrigars on the land in dispute; that on the day set for trial of the replevin action before the United States Commissioner, Bristow made application and was permitted to take a nonsuit. The court thereupon ordered him to return the corn, the possession of which had been taken from the Carrigars and delivered to him. This he refused to do, and this action was brought against his bond to recover the value of the corn so taken, together with damages.

The first error complained of is that the court below had no jurisdiction of the subject-matter, for the reason that the issues therein had been formerly adjudicated between the parties in a court of competent jurisdiction. This question of jurisdiction was raised by defendants in their answer and merely charged that the matters alleged in the petition had been theretofore once and finally adjudicated in Choctaw Intruder case, No. 485. In the brief they urge that the Carrigars were evicted from the land in controversy by virtue of the decision rendered in the Intruder's court, and that, inasmuch as the corn, at the time the judgment was rendered, was unsevered from the real estate, it passed therewith as of course. Counsel, in this behalf, says, on page 15 of their brief:

"Can it be contended that the Indian Agency was not a competent tribunal, or there was fraud or collusion, or that the order for their eviction was issued before the finality of the action, or that the unsevered corn was not a part of the realty at the inception of Choctaw Intruder case No. 485, in June, 1905, and (having remained unsevered till after their eviction, was not a part of that controversy? We think not. The decision in Choctaw Intruder case No. 485, as to the rights to the possession of the defendants to the land, finally decided every right they might have had to everything that was a part thereof; and they are estopped by that decision from asserting any further rights to anything recovered from them in that action by N. T. Tiner in the hands of his grantee, A. J. Bristow, as they are estopped from re-recovering the land itself from Tiner."

This contention is not sound. The Intruder's court was organized and called into being for the sole and only purpose of ejecting from Indian allotments those persons who were unlawfully occupying the same; it was not clothed with jurisdiction to hear and determine the rights of parties in and to personal property. There were other courts in the Indian Territory at that time for that purpose. Bristow knew this to be true, and knowing it he brought replevin in the United State Commissioner's court to recover the possession of the corn, and secured the delivery thereof under the bond herein sued on, and yet when the cause came on for trial on the merits he took a nonsuit and was ordered to return the corn to the Carrigars, which he refused to do, and this, therefore, made his bond liable.

After obtaining possession of the corn by replevin, he suddenly discovers that such course was unnecessary; for, as he contends, the corn, being a part of the real estate, was awarded Tiner, the allottee (Bristow's lessor), at the time the possession of the allotment was awarded. Bristow makes the same mistake in this case that he made in the other cases (just decided by us, *ante*,) in that he fails to appreciate the full force and effect of the judgment of the district court of Coal county. We have, in the other cases, held that the judgment of the district court, under the issues joined by the pleadings, was an adjudication of the questions affecting the possession of the crops grown on the land in question by the Carrigars in the year 1904; that the parol agreement between Tiner, the allottee, and the Carrigars, his tenant under the rental contract as found in the special master's report was valid, and passed the title of the crops to the Carrigars, and gave them the right of ingress and egress for the purpose of removing said crops. See *Bristow v. Carrigar et al.*, 24 Okla. 324, 103 Pac. 596, 24 L. R. A. (N. S.) 451. The Carrigars are ones who have a right to reply upon the plea of *res adjudicata,* and not Bristow. Hence it is seen that the position taken by plaintiffs in error relative to the plea of former adjudication, so far as the corn

is concerned, is not well taken, and the plea of lack of jurisdiction in the district court is likewise without merit.

It is next urged that the court should have granted a new trial on the amended petition for a new trial, on the grounds that Juror Cummins, having been present and heard all the testimony in the trial of the case before the United States Commissioner, was therefore familiar with the facts, which he failed to disclose on his examination, and this was unknown to the defendants at the time he was accepted as a juror. If this fact was not known by plaintiffs in error, it is their own fault. This is the very purpose and object of *voir dire* examination, and it is the duty of counsel to examine into the qualifications of proposed jurors and to show their unfitness or disqualification, and to challenge for cause where cause exists. To sustain this point would be to give into the hands of counsel who desire to act unfairly a method of securing reversals which would soon prove disastrous, and at the same time give sanction by this court to careless and unprofessional conduct of counsel in the trial of causes which would soon grow into a dangerous custom. Counsel had opportunity to disqualify the juror. The alleged disqualification was so patent that no possible excuse can be offered for the oversight. The *voir dire* examination is not in the record, and counsel has not shown that he used any effort or diligence in preventing the alleged error, and will not now be heard to complain of the court's action in overruling his amended motion for a new trial. The second, third, fourth, fifth, sixth, and seventh assignments of error have been waived by plaintiff in error, and the same will, therefore, not be considered.

The eighth assignment, that the court erred in overruling the demurrer to the testimony, is based upon the same fallacious argument as the first, which has been hereinabove considered and disposed of. So, also, is the complaint that the court erred in rejecting certain record evidence. The deposition of S. A. Mills, the records of case No. 366 of the district court of Coal county, the record of Choctaw Intruder case

No. 485 were all offered on the theory that the order of ouster against the Carrigars, as issued out of the Intruder's court, served to deprive them of their interest and ownership in the crops grown on Tiner's allotment. As has been seen, this theory cannot be sustained; and hence there was no error in the action of the lower court in refusing to permit the introduction of the testimony.

Had the holding of the Supreme Court in *Bristow et al v. Carrigar et al., supra,* been different, plaintiff, in cases Nos. 2,728, *ante,* 132 Pac. 1106, 2,729, *ante,* 132 Pac. 1108, and in this case, might possibly have been warranted in bringing these appeals; as the law of the case had been settled before these appeals were taken, it is difficult to understand why the appeals were prosecuted. After a careful examination of the entire record, it is apparent that substantial justice was done by the lower court, and that no error has been committed that would warrant a reversal; therefore the judgment should, in all things, be affirmed.

By the Court. It is so ordered.