## BRISTOW *et al.* v. CARRIGAR *et al.*

No. 2729.   Opinion Filed May 6, 1913.

Rehearing Denied June 20, 1913.

(132 Pac. 1108.)

1. **PLEADING—Demurrer—Purpose.** The office of a demurrer is primarily to raise an issue of law on facts raised in the pleading or evidence attacked.

2. **ORDER NUNC PRO TUNC TO CORRECT JUDGMENT.** History of case reviewed, and held, that the entering of a nunc pro tunc order to correct a judgment was within the power of the court, and its exercise was not an abuse of discretion.

3. **TRIAL—Reopening Case—Discretion.** The opening of the case for additional testimony, after the jury had been instructed, held to be within the discretion of the trial court and not error, under the facts of this case.

(Syllabus by Robertson, C.)

*Error from District Court, Coal County;*
*A. T. West, Judge.*

Action by J. W. Carrigar and another against A. J. Bristow and others to recover on an injunction bond. Judgment for plaintiffs, and defendants bring error. Affirmed.

*A. J. Bristow (J. H. Stolper,* of counsel), for plaintiffs in error.

*J. G. Ralls,* for defendants in error.

Opinion by ROBERTSON, C. This is an appeal by A. J. Bristow, George E. Jahn, and Paul Meyer from the district court of Coal county, where J. W. Carrigar and James Carrigar obtained judgment against plaintiffs in error on an injunction bond in the sum of $800 for damages done them by reason of the wrongful issuance of a temporary restraining order in a case pending in the United States District Court for the Central District of the Indian Territory, and after statehood transferred to the district court of Coal county, Okla.

The petition was filed on the 4th day of March, 1910. After a demurrer thereto had been overruled, the defendants, on the 5th day of April, 1910, filed their motion to dismiss the cause, for the reason that the action had been prematurely instituted. This motion was also overruled. On the 18th day of April, 1910, defendants filed their answer, and on the 28th day of April, 1910, plaintiffs in error filed their reply. On the 21st day of September, 1910, attorneys for plaintiffs below filed a motion requesting the court to enter a judgment *nunc pro tunc* in the original case of *Bristow v. Carrigar et al.,* which motion was by the court sustained, over the objections of the defendants. Thereafter the cause was tried to the jury, and a verdict in the sum of $800 was rendered in favor of the plaintiffs and against the defendants, upon which judgment was entered, and to reverse which this appeal is prosecuted.

The plaintiffs in error rely upon several assignments of error, which we will consider in their order: First. That the court below erred in overruling the demurrer of the defendants in error to the plaintiffs' petition. Plaintiffs in error first contend, under this assignment of error, that inasmuch as the mandate from the Supreme Court in the case of *Bristow v. Carrigar et al.,* 24 Okla., 324, 103 Pac. 596, 25 L. R. A. (N. S.) 451, had not been spread of record in the district court of Coal county, that the action was therefore prematurely brought. Demurrer was not the proper method of testing this contention. This fact should have been brought to the attention of the court by motion. The facts necessary to determine this question did not appear in the petition. The office of a demurrer is, primarily, to raise an issue of law on facts raised in the pleadings attacked. The petition in this case was good as against the demurrer, and the court committed no error in overruling the same.

The next point urged under this assignment is that no decision had ever been rendered by the district court of Coal county, nor by the special master, upon the material issues

raised in the pleadings of the plaintiffs, and denied by the defendants in the original case, and refers especially to the so-called issues of "equitable ownership and legal possession" which they claim were raised and properly presented to the court, but which for some reason were not passed on by either the trial or the Supreme Court. Counsel make the same mistake in this case, as they do in the case of *Bristow v. Carrigar et al. ante,* 132 Pac. 1106 wherein they insist that the only question disposed of by the court in the original case of *Bristow v. Carrigar et al., supra,* was that affecting the temporary restraining order. As was stated in that case, this is true in a measure, because, as may be seen by reference to the pleadings and the findings of the special master, the dissolution of the temporary restraining order rendered further consideration of subsequent, or collateral issues wholly unnecessary. In other words, the dissolution of the temporary restraining order ended the injunction suit. This is the effect of the judgment of the district court, and this is the only import to be drawn from the language used, and aside from this the court specifically refused to make the injunction perpetual, and dismissed the cause. Counsel for plaintiff in that case raised every conceivable question by proper objection at the hearing before the special master, and by numerous exceptions to the special master's report, all of which were duly considered by the trial court, overruled and denied, and exceptions again duly saved and embodied in the petition in error in the Supreme Court in *Bristow v. Carrigar et al., supra,* 24 Okla. 234, 103 Pac. 596, 25 L. R. A. (N. S.) 451, and discussed at length in the brief, and again urged in the petition for rehearing. Surely counsel cannot now say that the whole case was not disposed of by the original judgment and they will not now be heard to say that such was their idea of the matter, when the record from the first is filled with their objections and exceptions to the ruling of the trial and Supreme Courts on the questions which, as they now contend, were not raised, considered or dis-

posed of by those courts in due and regular course. The auÎ thorities cited in the brief are on the theory that no final judgment was ever entered in the original action. This theory not being supported by the facts it necessarily follows that the authorities cited are not in point, and therefore are inapplicable.

The next point urged is that the court erred in entering the *nunc pro tunc* order correcting its former judgment. This point was fully covered and decided adversely to plaintiffs in error in *Bristow v. Carrigar et al., ante,* 132 Pac. 1106, and therefore no further consideration will be given the same here.

There is no merit in the fifth assignment of error. Even though it were admitted that Carrigar would have answered the question propounded in the affirmative, the result would not have been different; for the result of the case inquired about would not have been an adjudication of the issues herein.

It is lastly contended that the court erred in opening the case after the jury had been instructed in order to prove what the judgment of the Supreme Court was in the original case.

The record discloses that counsel for plaintiffs in error, in his opening statement to the jury (Case-made 29), said "that the injunction suit brought by him against plaintiffs in this action had been dissolved by the lower court and appealed to the Supreme Court, and that the judgment had been * * * affirmed." On account of this statement of counsel the plaintiffs failed to offer proof in support of that issue. When the case was closed defendants moved for a peremptory instruction and urged this lack of proof. It was then that the court reopened the case for additional evidence and permitted the records of the case, including the mandate of the Supreme Court, to be offered. There was no error in this, and counsel should be the last person to insist on this assignment, under the circumstances of the case. The act complained of was an exercise of a discretion, vested by law in the court, in which there was no error.

From a careful review of the entire case, we are unable

to find an error in the record that would warrant a reversal. The judgment should, therefore, be affirmed.

By the Court: It is so ordered.