## BRISTOW v. CARRIGAR *et al.*

No. 2728.   Opinion Filed May 6, 1913.

Rehearing Denied June 20, 1913.

(132 Pac. 1106.)

**JUDGMENT**—Correction of Journal Entry—Order Nunc Pro Tunc.
History of the case reviewed, and the entering of an order nunc
pro tunc, correcting a judgment, held, to be within the power of
the court and not an abuse of its discretion.

(Syllabus by Robertson, C.)

*Error from District Court, Coal County;*
*A. T. West, Judge.*

Action by A. J. Bristow against J. W. Carrigar and another. Judgement for defendants, and plaintiff brings error. Affirmed.

*A. J. Bristow (J. H. Stolper,* of counsel), for plaintiff in error.

*J. G. Ralls,* for defendant in error.

Opinion by ROBERTSON, C. The only question presented by this appeal that requires consideration at our hands is whether or not the trial court erred in entering a certain *nunc pro tunc* order on September 21, 1910, over the objections of plaintiff in error. To properly answer this question a brief review of the case becomes necessary.

On August 6, 1904, plaintiff in error, A. J. Bristow, secured a lease for certain agricultural lands in the Choctaw Nation from the allottee, N. T. Tiner. This lease was recorded August 10, 1904. Prior to the execution of this lease, and on February 11, 1904, the allottee had leased the same land to defendants in error J. W. and James Carrigar for a term of three years, which lease was recorded on July 2, 1904, more than five months after the date of its execution. On December 28, 1904, plaintiff in error notified the Carrigars to

vacate the land and to deliver possession thereof to him.  Possession was denied, and on April 6, 1905, plaintiff in error commenced ejectment proceedings to recover the possession of the same; said suit being filed in the Atoka division of the United States Court for the Central District of the Indian Territory.  While this suit was pending, the landlord, Tiner, brought suit against the Carrigars in the Intruder's court at Muskogee; whereupon plaintiff in error voluntarily abandoned his suit and joined forces with Tiner in his suit in the Intruder's court against the Carrigars.  On September 13, 1905, Tiner secured a judgment in the Intruder's court, ousting the Carrigars from, and placing himself in possession of said land.  As soon as Tiner was placed in possession of the premises, he attempted to place Bristow, the plaintiff in error, in possession.  On September 18, 1905, while the Carrigars were removing their crop from said premises under, as they contend, a verbal agreement made with Tiner, the owner, Bristow, the plaintiff in error, commenced an injunction proceeding in the United States Court at Atoka, and secured a temporary restraining order on October 6, 1905, preventing the Carrigars from entering upon the premises or removing any part of the crop therefrom.  The defendants in error demurred to the petition in injunction, which was overruled on October 18, 1905; whereupon they answered, setting up their lease with Tiner.  Plaintiff in error demurred to the answer.  While the pleadings were in this condition, the court appointed Mr. Winfield S. Farmer, Esq., as special master, to hear the case, and who, in due time, made his report, in which, among other things, he found that at the time the order of ouster from the Intruder's court was being served a parol agreement was made and entered into by and between Tiner, the owner of the land, and the Carrigars, whereby all rights to the growing crops were reserved to the Carrigars.  He also found, as a matter of law, that the lease from Tiner, the allottee, to the Carrigars was void as between them on account of it not having been filed for record within three months, as required by law,

but that it was good as a rental contract for the year 1904, and especially so where the consideration had been paid, as it had in this case. He also found that the Carrigars were not trespassers on the land, but had a right to enter thereon for the purpose of taking care of their crops, and that injunction was not the proper remedy, for that plaintiff had a plain, speedy, and adequate remedy at law by way of ejectment or forcible detainer. In the meantime statehood intervened, and the cause was by operation of law, transferred to the district court of Coal county, where, on April 8, 1908, the matter coming on for hearing, the demurrer to the answer was overruled, as were also the objections and exceptions to the report of the special master, and the court thereupon rendered judgment sustaining the recommendations of the special master and adopted his report as the judgment of the court.

The cause was thereupon appealed to this court, where, on June 14, 1909, the judgment of the district court was affirmed. See *Bristow v. Carrigar et al.,* 24 Okla. 324, 103 Pac. 596, 25 L. R. A. (N. S.) 451. In the meantime, and before the mandate of the Supreme Court had been spread of record in the district court of Coal county, the defendants in error had commenced suit against plaintiff in error on the injunction bond. To this petition plaintiff in error demurred, on the ground, first, that no cause of action · had yet accrued in favor of defendants in error; and, second, for the further reason that the judgment of the district court as entered in April, 1908, and as affirmed by the Supreme Court, affected only the temporary restraining order, and therefore the original suit was yet pending and undisposed of. To these contentions defendants in error suggested to the judge of the district court that, in case the judgment as entered in April, 1908, was insufficient to completely dispose of the entire case, a *nunc pro tunc* order should be entered correcting the April, 1908, judgment, so that it should be made to speak the truth. This was done, and of this action of the court in entering the

*nunc pro tunc* order, as aforesaid, the plaintiff in error complains.

The prayer of plaintiff in error's petition is as follows:

"Wherefore, relator prays that your honor issue a temporary restraining order against the respondents herein, and that upon giving of a satisfactory bond that they be summoned to appear and answer herein, and upon a final trial that he have judgment perpetuating said order of injunction, and for costs, and for such other further relief, both general and special, as your honor may see fit to grant."

While the prayer ordinarily forms no part of a petition, yet in this case the prayer is consistent with the allegations of the petition and shows the real purpose and object of the suit.

After demurrer to the petition had been overruled, the defendants, on October 18, 1905, filed their joint answer, to which plaintiff filed his demurrer. While the pleadings were in this condition, the parties began taking depositions; all the evidence in the case being thus taken and presented.

The judgment entered on April 18, 1908, by the district court was informal, concluding as follows:

"Whereupon the court and the said judge thereof renders his decision herein in favor of defendants and against plaintiff, to which this plaintiff then and there duly excepted. And as his written opinion and decision herein the court and the said judge thereof adopted and rendered the report of the special master."

That part of the report of the special master necessary to show what the judgment really was is as follows:

"* * * In this case the master holds that the lease contract made by the defendants with the citizen Tiner is void as between them, but that it was good as a rental contract for the year 1904, and especially so where a valuable consideration had been paid, as in this case; that such a lease is not absolutely void, but merely voidable; that the act of the citizens in releasing the same premises to the plaintiff was an act of revocation of the lease made with the defendants; that after the plaintiff had taken his lease the defendants became his tenants for the balance of the year 1904; that if the defendants unlawfully held over, the plaintiff had two complete remedies

at law, to wit, unlawful detainer and ejectment, and having these remedies he should have followed one of them, and not resorted to the extraordinary writ of injunction. There is some testimony tending to show a want of consideration paid for the plaintiff's lease; but assuming that it is a good and valid lease he is entitled to nothing more than the rent for the year 1905, and courts of equity will not invoke the extraordinary writ of injunction to enforce the payment of rents, when there is a complete remedy at law. The rights of the parties to this suit should not be adjudicated by invoking the writ of injunction, and I therefore recommend that the prayer of the plaintiff for a perpetual injunction be denied, and that the temporary restraining order be dissolved. *   *   * "

From the foregoing it is seen that the original judgment of the district court not only dissolved the temporary injunction, *but also in specific terms denied and refused a perpetual or permanent injunction.* Plaintiff in error now contends that the only question adjudicated in the former appeal related to the temporary restraining order; but in this he is evidently mistaken, for an examination of the petition in error in that case shows that all these questions were properly saved in the former trial and raised by proper assignment of error in the petition in error, as shown by the record in case No. 195, entitled *A. J. Bristow v. Carrigar,* reported in 24 Okla. 324, 103 Pac. 596, 25 L. R. A. (N. S.) 451. Thus the twenty-fifth assignment of error in that case reads as follows:

"That the said court committed error by adopting the report of the special master as the opinion of the said court and of the judge thereof, after the request of your plaintiff in error that the decision of the said court and the judge thereof upon the said exceptions to said report be rendered in writing."

And the twenty-ninth:

"That the said court erred in refusing to render judgment for your plaintiff in error in refusing to make permanent the order of injunction in the said action."

While the prayer of said petition in error reads as follows:

"Wherefore, the said A. J. Bristow, your plaintiff in error, as aforesaid, prays that the said judgment and order

of the said district court in and for Coal county, judicial district No. 7, of the state of Oklahoma, discharging and vacating the said temporary order of injunction and restraining order, *and refusing to make the same permanent,* be reversed, set aside, and held for naught; and, further, your said plaintiff in error prays that the said order of injunction *be made permanent in his favor* against the said defendants in error and each of them, and that he be granted by this honorable court whatever other relief as to this honorable court shall seem just." (Italics ours.)

It is therefore plainly evident that in the former appeal plaintiff in error knew that the whole cause had been disposed of, else why were all these questions raised in his petition in error and elaborately discussed in his brief? The temporary injunction was in fact the only issue in the case, and that being disposed of it was not necessary to consider the other questions raised in the petition in error. The judgment of the court as entered in April, 1908, whereby he adopted the report of the special master as and for the judgment of the court, was a judgment in writing, as demanded by plaintiff in error. In that judgment the temporary injunction was dissolved and the permanent injunction denied. These questions are therefore *res adjudicata.* By inadvertence the order of dismissal was omitted from the formal journal entry, when rendered in April, 1905, and it was proper, when this oversight was called to the court's attention, that the same be corrected by *nunc pro tunc* order. No one has been deceived by this act of the court. No rights have been taken from or denied any one, and the position taken by plaintiff in error is not warranted by the record, and is wholly untenable. That a court has power to correct such errors in its judgments by *nunc pro tunc* order is so well settled that citation of case or text authority is unnecessary.

The judgment should be affirmed.

By the Court: It is so ordered.