## SMITH v. FRANTZ.

[No. 8,588. Filed June 22, 1915.]

1. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*— Even though the overruling of demurrers to special paragraphs of answer was error, on the ground that such answers set up matter within the rule that parol evidence can not be received to show that the consideration for a written contract was different from that expressed therein, or that there was no consideration, the error was harmless, where the court refused evidence as to negotiations prior to the making of the contract set

out in plaintiff's complaint, and no evidence was offered to show a want of consideration. p. 265.

2. CONTRACTS.—*Consideration.—Parol Evidence.*—Where the consideration is contractual, the consideration mentioned in a written contract can not be varied by parol evidence. p. 265.

3. CONTRACTS.—*Action.—Failure of Consideration. — Pleading. — General Denial.*—As a general rule want of consideration must be pleaded in order to be available as a defense, but where the complaint sets out the consideration for the contract sued on and makes the contract an exhibit, and the contract sets out the consideration, evidence of want of consideration is admissible under the general denial. p. 265.

4. CONTRACTS.—*Construction by Parties.—Evidence.—Instructions.* —In an action by the purchaser of land against a tenant involving his right to a corn crop planted and matured subsequent to his execution of a contract to surrender on September 1, 1910, his lease which expired in 1911, where the contract was not clear and no mention was made as to what crops might be raised during the year 1910, evidence showing that the parties, other than plaintiff, understood that the contract was merely to permit plaintiff the use of the farm in 1911 and the right to sow wheat in 1910, and that defendant was to have the right to harvest the corn raised by him in 1910, and that plaintiff himself so understood the contract until October 21, 1910, and had permitted defendant to plant and cultivate the corn without objection, was properly submitted to the jury under instructions that defendant had a right to the corn if he planted and cultivated it with the knowledge and consent of plaintiff and with the understanding that he had a right to do so under the lease from plaintiff's grantors, and informing the jury fully and correctly as to the rights of both the owner of the land and the tenant where crops are planted which can not be harvested before the expiration of the tenancy, etc. pp. 265, 270.

5. CONTRACTS.—*Construction.—Construction by Parties.*—The construction placed by the parties on an ambiguous contract, and acted upon by them, is entitled to great weight, and, if reasonable, will be adopted by the court, even though the court might probably adopt a different construction were it not for the practical construction already given by the parties. p. 269.

6. LANDLORD AND TENANT.—*Tenant Under Former Owner.—Right to Crops.*—If possible, the law allows the one who sows to reap; hence the courts go far in holding that the owner of land, who allows a tenant under a previous owner to plant and cultivate crops without objection or the assertion of any rights therein, is estopped to assert any claim thereto. p. 270.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by John E. Smith against Cyrus Frantz. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Petitt & Switzer,* for appellant.

*Sayre & Hunter,* for appellee.

IBACH, P. J.—The complaint by appellant against appellee is in two paragraphs, in the first of which it was sought to replevin some corn and wood, in the second to recover damages for the conversion of the same corn and wood.

The first paragraph alleges that appellant is the owner of certain described lands in Wabash County, Indiana; that he acquired title thereto by warranty deed from Elizabeth Smith, John G. Smith, Blanche B. Smith, Howard F. Smith and Beulah Smith, on April 14, 1910; that at the time of purchase appellee was a tenant thereon of the grantors, under a lease extending beyond September 1, 1910; that on said date appellee entered into a written contract with appellant, John E. Smith, and Howard F. Smith, whereby appellee agreed to cancel his lease on September 1, 1910; that subsequently appellee plowed and planted thirty-five acres of said land in corn, notwithstanding that under the provisions of his contract, his tenancy and the right to remove crops therefrom would expire on September 1, 1910, and he well knew that he could not plant, mature, and harvest a crop of corn before that time; that at and before the time he planted the corn, he was notified not to do so by appellant; that he raised corn to the amount of 1,500 bushels, 1,000 bushels of which is in his possession; that he is also in possession of thirty cords of wood, taken from said farm subsequent to September 1, 1910, which is the property of appellant; that he is denying appellant's ownership of the corn and wood; that appellant is the owner and lawfully entitled to possession of the corn and wood. The same facts are alleged in the second paragraph, with the additional averment that appellee has converted the corn and wood to his own use, and the prayer is for damages.

To each paragraph there is annexed a copy of the following contract as an exhibit:

"This contract drew this day between J. E. Smith and the Ira F. Smith heirs known in this agreement as party of the first part. And Cyrus Frantz known in this agreement as party of the second part, Witnesseth, That party of second part surrenders his lease to party of the first part on farm in Wabash Co., Pawpaw Tp. Indiana. Known as the Ira F. Smith farm on September 1, 1910. Party of the second part also surrenders wheat ground to party of the first part in reasonable time for sowing and getting ready to seed. Party of second part to retain pasture, farm buildings, and fruit, rent free until March 1, 1911. Party of second part to cut any clover seed that may be on said farm and divide same equally with J. E. Smith. Each to pay their share of threshing same. Party of second part agrees to haul out land tax on said farm in 1910, and deliver receipt to J. E. Smith. Party of second part agrees to haul Elizabeth Smith's wood to Roann during time inclusive to March 1, 1911, free, Ira F. Smith heirs agree to pay said Cyrus Frantz the sum of Fifty dollars ($50.00) as part of this contract. In witness hereof we have hereunto affixed our signatures. (Signed) Jno. G. Smith, Cyrus Frantz, Howard Smith, J. E. Smith."

There was an answer in general denial, a second paragraph admitting the signing of the alleged contract as above set out, but saying that it was executed without any consideration, and a third paragraph stating that on August 5, 1908, appellee was and had been for five years, in possession of the land described in the complaint as a tenant, was paying cash rent therefor, and had a crop of corn growing on said land which he in consideration of the agreement had the right to return and gather as his own, his general tenancy expiring on September 1, 1908; that on August 5, 1908, in consideration that he should have all crops that he might grow on said land in each of the three successive years, and return to harvest any crop growing thereon, and not matured by September 1, such as corn, entered into an agreement for the use of said farm with the then owner,

Elizabeth Smith, administratrix of the estate of Ira F. Smith on representation of such owner, a copy of which agreement is set out. This agreement is a lease of the farm for a term of three years beginning September 1, 1908, and ending September 1, 1911, on consideration of the payment of $500 annually on September 1 of each year. No mention is made as to what crops are to be raised, and there are some minor stipulations as to fences and firewood, and as to certain amount of grass to be left on the farm at the expiration of the contract. It is further alleged that appellee continued to occupy the land under the contract, doing all that he was to do thereunder, until April 1, 1910, when his landlady, Mrs. Smith, desired to sell the farm to appellant, and appellant desired to acquire the right to enter on the land and sow wheat in the fall of 1910, and to have appellee to waive his right to plant crops in the spring of 1911, and to give up possession of the land on March 1, 1911, and appellee had paid the rent in full in cash for the year beginning September 1, 1909, and ending September 1, 1910, during which time the wood was cut and the corn was raised, that was sued for; that appellee agreed in consideration of $50 in hand paid, that he would yield the right to appellant to enter and sow wheat in the fall of 1910, and would give to him full possession of the premises on March 1, 1911, all of which he did; that said contract was in parol and fully executed, and that the corn and wood sued for were raised and cut in the year 1910, under said written contract, and during said tenancy as modified by said period of agreement only; that afterwards the contract in suit was presented to him and he signed the same but there was no consideration whatever for his so doing.

Demurrers to the second and third paragraphs of answer for want of facts were overruled, issues were completed by replies in denial, the cause was tried by jury, and verdict rendered for appellee.

Errors assigned are the overruling of appellant's de-

murrers to the second and third paragraphs of answer, and overruling appellant's motion for new trial. If there was error in overruling the demurrers to the special answers, it was harmless to appellant. It is urged by appellant that the consideration being contractual, the written contract entered into on April 14 could not be varied by parol, to show a different consideration, or a want of consideration. In this the authorities support appellant. However, the court at the trial specifically and repeatedly refused to permit evidence of any negotiations between the parties prior to the making of the written contract of April 14, and no evidence was offered to show that there was a want of consideration for the contract. The record thus affirmatively shows that the overruling of the demurrers did not harm appellant. *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 115, 93 N. E. 872; *McFadden* v. *Schroeder* (1893), 9 Ind. App. 49, 35 N. E. 131; *Robinson & Co.* v. *Nipp* (1898), 20 Ind. App. 157, 50 N. E. 408. Further, evidence of failure of consideration, if admissible at all, could have been admitted under the general denial to plaintiff's complaint in this case, as well as under a special answer. As a general rule want of consideration must be pleaded in order to be available as a defense, yet where, as here, the complaint sets out the consideration for the contract sued on, and in addition makes the contract an exhibit, and the contract sets out the consideration, evidence of want of consideration is admissible under the general denial. *Nixon* v. *Beard* (1887), 111 Ind. 137, 141, 12 N. E. 131; *Butler* v. *Edgerton* (1860), 15 Ind. 15; *State, ex rel.* v. *Daly* (1911), 175 Ind. 108, 93 N. E. 539.

We now come to the consideration of the merits of the case as presented by the motion for new trial. The contract of April 14, 1910, was introduced in evidence, and the court refused to allow any testimony as to what took place between the parties prior to the signing of

that contract, as all prior negotiations were merged in that contract, but he took the theory that the contract did not specify what crops could be raised in the year 1910, and that whatever was said and done by the parties to the contract after they entered into it, in order to show what construction they themselves placed on it, was proper; and if the parties understood and agreed that appellee was to raise a corn crop and hold possession of the buildings until March 1, 1911, he would have a right to gather the corn crop.

There was evidence to show that under the three-year lease which appellee held from the Ira F. Smith heirs, beginning September 1, 1908, he had the right to harvest the corn crop which should be on the farm the year of the termination of his tenancy, that he had paid $500 cash rent for the year from September 1, 1909, to September 1, 1910, and that he had plowed part of the land on which he later raised the corn in suit, before the sale of the land to appellant on April 14, 1910. It also appears that appellant saw appellee. planting and working the corn, and made no objection; that appellant came over and plowed a few rounds for appellee on two different days when he was plowing the ground; that he was frequently on the farm and saw the corn growing; that in September, 1910, he paid appellee $40 for plowing ground and sowing wheat and made no claim for corn; that he made no objection and no claim of any kind until October 21, 1910, he and appellee had a dispute concerning appellee's right to the wood in suit, which he had cut; and even then it is shown from letters written by appellant to Howard F. Smith, one of the Smith heirs, the one who drew up the written agreement of April 14, that he was asserting no claim to the corn. Appellant finally went to an attorney to get advice about his rights and after that on November 30, 1910, made a demand for the corn. Howard F. Smith, who was a party to the contract of April 14 and who wrote the deed and the contract of April 14, at the request of the other parties said that it was his under-

standing, after the written contract was made, that Frantz was to have the corn crop in 1910. It was shown in evidence that appellant said to one of his grantors after the contract was made that he paid an awful big price, and he would not get anything off the farm for a year. Appellant introduced evidence contradicting some of the above, and he asserts that he was claiming the corn all the time after it was planted.

In this state of the issues and evidence the court gave the jury instruction No. 7, as follows: "If you should find by a preponderance of the evidence that the defendant in this case, with the knowledge and consent of the plaintiff, plowed, planted, raised and harvested the corn crop upon said premises as alleged in the complaint, and with the understanding that he had the right to do so, under a previous contract with the plaintiff's grantors, then and in that case, the defendant would have the right to such corn and there could be no recovery for the same." The court also refused to give appellant's requested instructions Nos. 1, 2 and 3, but gave them modified as his own instructions Nos. 9, 10 and 11. Instruction No. 11 is "If a tenant on a farm for a definite term plants a crop which can not be ripened and harvested before the expiration of his term, then the owner of the land is entitled under the law to such crop. If you find from a preponderance of the evidence that the defendant, at or about the time of the purchase by plaintiff of the farm of which he was a tenant, entered into a written contract with the plaintiff, and the former owners of said land whereby defendant agreed to surrender his lease to said farm on September 1, 1910, and after entering into said contract planted a corn crop which he knew could not ripen and be harvested before the said first day of September, 1910, then I charge you that said corn would be the property of the plaintiff and your finding should be for the plaintiff. Unless you further find that said corn was planted and harvested by said defend-

ant with the knowledge and consent, either express or implied, of the plaintiff, and with the belief and understanding of the parties, plaintiff and defendant, that the defendant had the right to plant, harvest and appropriate said corn.''

Instruction No. 10 was almost precisely similar to instruction No. 11, and instruction No. 9 told the jury that where parties enter into a written contract, providing and specifying particularly the rights and duties of each thereunder, such provisions exclude every other claim or duty not embraced within said contract, and that if the jury find from a preponderance of the evidence that defendant entered into a written contract with plaintiff and the Ira F. Smith heirs, or a part of them, whereby defendant agreed to surrender his lease to said farm on September 1, 1910, and reserved under said contract, the possession of the buildings, fruit, and pasture, together with rights relative to the clover seed, then defendant's rights on said farm after September 1, 1910, were limited and confined to the rights particularly enumerated in said contract, and if after entering into said contract defendant planted a crop of corn that could not be ripened and harvested before September 1, 1910, he did so at his peril and said corn growing on the farm on that day belonged to plaintiff, and if defendant thereafter gathered and appropriated the corn to his own use, such act of his would be a conversion of the corn, for which plaintiff could recover. ''Unless,'' etc., the last sentence being the same as the last sentence in instruction No. 11 above quoted, the court having modified these instructions merely by adding to each the same last sentence.

The giving of instructions Nos. 7, 9, 10 and 11 and the refusal to give instructions Nos. 1, 2 and 3, unmodified, is assigned as error and the consideration of the question presented by this error will dispose of all others in the case.

The contract of April 14, 1910, in evidence, and set out in the former part of this opinion, is not quite clear. Taken

according to the strict grammatical construction and punctuation, it states, not that the lease will be surrendered on September 1, 1910, but that the farm is known as the Ira F. Smith farm on September 1, 1910. Apart from this, it is evident that the instrument is rather crudely and hurriedly drawn, and no mention is made of what crops were to be raised during the year 1910. It is appellee's contention that the purpose of the contract was merely to permit appellant the right to the use of the farm in 1911, and the right to sow wheat in 1910, and that appellee was to have the right to harvest the corn raised by him in 1910. It seems that at the time of the trial all parties to the contract so understood it save appellant, and there is evidence to show that for several months immediately after the execution of the contract appellant also understood that the corn was appellee's.

It is said in 2 Elliott, Contracts §1537, "It is a familiar law that when a contract is ambiguous in its terms, a construction given to it by the parties thereto and by 5. their actions thereunder, before any controversy has arisen as to its meaning, with knowledge of its terms, is entitled to great weight, and will, when reasonable, be adopted and enforced by the courts. The construction placed on the contract by parties thereto prevails when the language used will reasonably allow such construction even though the court would probably adopt a different construction were it not for the practical construction already placed by the parties on their agreement. The construction placed upon the contract by the parties themselves is of great value in determining its correct interpretation. The reason underlying this rule is that it is the duty of the court to give effect to the intention of the parties where it is not wholly at variance with the correct legal interpretation of the terms of the contract, and a practical construction placed by the parties upon the instrument is the best evidence of their intention." See, *Pate* v. *French* (1890),

122 Ind. 10, 23 N. E. 673; *Reissner* v. *Oxley* (1881), 80 Ind. 580; *Roush* v. *Roush* (1900), 154 Ind. 562, 55 N. E. 1017; *Indianapolis Cabinet Co.* v. *Herrman* (1893), 7 Ind. App. 462, 34 N. E. 579; *Smith* v. *Board, etc.* (1893), 6 Ind. App. 153, 33 N. E. 243; *Merchants, etc., Sav. Bank* v. *Fraze* (1894), 9 Ind. App. 161, 36 N. E. 378, 53 Am. St. 341.

We think the contract before us is such that the court 4. was amply justified in allowing evidence to go to the jury of the construction placed on the contract by the parties, and in giving the instructions above set out and in refusing to give appellant's instructions Nos. 1, 2 and 3 unmodified. The evidence also fully supports the verdict.

Further, the courts have gone very far in holding that one who is the owner of land, but who allows a tenant under a previous owner to plant and cultivate crops, with- 6. out objection or assertion of any rights therein, has acquiesced in his right to harvest the crops and his ownership thereof, and is estopped to assert any claim thereto. If possible, the law allows the one who sows to reap. *Bowen* v. *Roach* (1881), 78 Ind. 361; *Carmine* v. *Bowen* (1906), 104 Md. 198, 64 Atl. 932, 9 Ann. Cas. 1135; *Opperman* v. *Littlejohn* (1910), 98 Miss. 636, 54 South. 77, 35 L. R. A. (N. S.) 707; *Moore* v. *Coughlin* (1912), 36 Okl. 252, 128 Pac. 257; *Bristow* v. *Garriger* (1909), 24 Okl. 324, 103 Pac. 596, 25 L. R. A. (N. S.) 451; *Kelley* v. *Todd* (1866), 1 W. Va. 197; *Whorley* v. *Karper* (1902), 20 Pa. Super. Ct. 347.

We find no error and the judgment is affirmed.

NOTE.—Reported in 109 N. E. 407. As to parol evidence to engraft a condition, limitation or reservation on a deed, see 1 Am. Dec. 44. As to the right of a landlord to growing crops where the tenant's estate is forfeited by his own act, see 15 Ann. Cas. 1033. As to the right of a tenant under a lease for a fixed period, to crops after termination of lease, see 9 Ann. Cas. 1139. See, also, under (1) 31 Cyc. 358; (2) 17 Cyc. 661; (3) 9 Cyc. 737; (4) 9 Cyc. 773; 24 Cyc. 916; (5) 9 Cyc. 588; 24 Cyc. 916; (6) 24 Cyc. 915.