## Clark *versus* Harvey.

1. A tenant of a farm, under a lease from year to year for agricultural purposes, is entitled to the waygoing crop, and such letting must be presumed to have been made if nothing to the contrary be said.

2. This implication cannot be rebutted by proof of bad husbandry, and a trespass by the landlord in destroying the tenants' crop after the expiration of the lease, cannot be justified by an alleged breach of contract.

3. If there be bad husbandry, the remedy is by suit and not by confiscation of the tenants' rights.

4. There being a crop in the ground, whether good or bad, the tenants had a right to it, and to take it away when it ripened.

January 21st 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

This was an action of trespass by James B. Harvey and Edward C. Harvey against Jonathan Clark and Lewis Smith. The writ issued May 11th 1864.

On the 31st of March 1861 Jonathan Clark, one of the defendants, leased to the plaintiffs a farm of 35 acres in Montgomery county for one year from the 1st day of April then next, as a dairy farm, at the rent of $400, the lessor to have the use of part of the house; the lessees to take care of the farm; part of the manure made on an adjoining lot of the lessors to be used on this

[Clark v. Harvey.]

farm; and it was agreed that when the lessees removed they should "not have planted or sowed more than 3 acres of winter grain." The lessees continued on the premises till the spring, 1864, when they removed.

In the fall or winter of 1863, the lessees ploughed some 4 or 5 acres of sod, and sowed it with rye. Clark leased the farm the next year to Smith, the other defendant, who harrowed down the grain which had been sowed by Harvey, and planted corn.

The defendants submitted points, declaring that if the field in question was not farmed with good husbandry the plaintiffs could not recover. The points were refused by the court, who charged that the question for the jury was one of damages, and that they had nothing to do with the question of good husbandry.

The jury found for the plaintiffs $150. The court entered judgment by agreement of plaintiffs for $100, and discharged a rule for new trial.

The defendants took a writ of error.

The errors assigned were the denial of the defendants' points, and charging that the jury had nothing to do with the question of good husbandry.

J. Boyd, for plaintiffs in error, cited Jones v. Whitehead, 1 Pars. R. 304; Lewis v. Jones, 5 Harris 264; Stultz v. Dickey, 5 Binn. 285; Forsyth v. Price, 8 Watts 282.

C. Hunsicker and H. McMiller, for defendants in error, cited Stultz v. Dickey, 5 Binn. 285; Nagle v. Mullins, 10 Casey 42.

The opinion of the court was delivered, February 14th 1867, by

THOMPSON, J.—By the custom, or as it has been called, the common law of Pennsylvania, the tenant of a farm under a lease from year to year for agricultural purposes, is entitled to the way-going crop. This is the law, in view of which, such letting must be presumed to have been made, if nothing to the contrary be said. In the case before us this implication was attempted to be rebutted by proof of bad husbandry, and a manifest trespass justified by an alleged breach of contract. If there were bad husbandry in the case, the redress for that was by suit, and not by confiscation of the tenants' rights. The one thing was no defence to the other, and the learned judge was entirely within the law in charging as he did. The case of Lewis v. Jones, 5 Harris 262, referred to by the counsel for the plaintiffs in error, was upon a different subject from that involved in this case, and is no authority for the ground assumed in the case. The jury have found that the plaintiffs left a fall crop in the ground when they left the premises, and have estimated its value in the damages given. There being a crop in the ground, therefore, whether good or bad, the

plaintiffs had a right to it and to take it away when it ripened, and this being found by the verdict, and that the defendants destroyed it, there was an end of the matter.

Judgment affirmed.