## Whorley *v.* Karper, Appellant.

*Landlord and tenant—Way-going crop—Custom—Written lease.*

In April, 1890, an owner of a farm leased the farm on shares. After the crop of 1890 was sown, and before it was reaped, the form of tenancy was changed to a money rent. In December, 1892, a written lease for 1893, was executed which provided that the tenant "will be entitled to the use and enjoyment of what crops the farm may produce, fruits, dairy and house rents, and is to get all of the crops now sown and growing, but is to put out another crop of wheat in the fall of 1893, at his own cost to equal the crop now sown." In April, 1900, the tenant removed from the premises and a dispute arose as to who was entitled to the crop sown in the fall of 1899, and reaped in the summer of 1900. *Held*, that the tenant was entitled to the crop.

Argued March 11, 1902. Appeal, No. 24, March T., 1902, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1900, No. 133, on verdict for plaintiff, in case of William Whorley v. W. L. Karper. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Replevin for a crop. Before E. W. BIDDLE, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $223.29. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on a question of law reserved.

W. F. Sadler, of Sadler & Sadler, with him E. J. McCune, for appellant.—Usage, though admissible to add to or explain, is never permitted to vary or contradict, either expressly or by implication, the terms of a written contract: Taylor on Landlord and Tenant, sec. 539; Senior v. Armytage, 1 Holt, 197; Wigglesworth v. Dallison, Doug. 201; Hutton v. Warren, 1 M. & W. 466; Webb v. Plummer, 2 Barnwell & Alderson, 746; Roberts v. Barker, 1 Crompton & Meeson, 808; Boraston v. Green, 16 East, 71; Holding v. Pigott, 7 Bing. 465; Clarke v. Roystone, 13 M. & W. 752; Stultz v. Dickey, 5 Binney, 285; Clark v. Harvey, 54 Pa. 142; Heald v. Builders' Mut. Fire Ins. Co., 111 Mass. 38; Van Doren v. Everitt, 2 Southard, 460; Foster v. Robinson, 6 Ohio, 91.

J. W. Wetzel, of Wetzel & Hambleton, for appellee.—The law is well settled that the custom of the country is, whether the rental be for the shares or money, that the way-going crop belongs to the tenant in possession when it was sown: Forsythe v. Price, 8 Watts, 282; Shaw v. Bowman, 91 Pa. 414.

OPINION BY BEAVER, J., May 22, 1902:

The plaintiff leased the farm of Rev. J. R. McAllister, April 1, 1890, under a lease on the shares, each finding one half of the seed and to take one half of the crop. After the crop of 1890 was sown and before it was reaped, the form of tenancy was changed to a money rent at $450 per year and subsequently, in 1892, the rent was reduced to $400 per year. The written lease for 1893, dated December 16, 1892, provides: "In consideration of which ($400), he (plaintiff) will be entitled to the use and enjoyment of what crops the farm may produce, fruits, dairy and house rents, and is to get all of the crops now sown and growing but is to put out another crop of wheat in the fall of 1893 at his own cost to equal the crop now sown."

The question in the court below was and here is, who is entitled to the crop sown in the fall of 1899 and reaped in the summer of 1900? There is no question as to the custom of the country, that the tenant is entitled to the way-going crop and this is not denied by defendant but he claims that the written agreement controls and that under it—the lease of his landlord with the plaintiff—he, the defendant, is entitled to

the crop.    Where there is a written agreement, we must take it . for granted that it expressed the contract of· the parties as to those things concerning which it speaks and that the custom of the country will be called in to aid in the interpretation of the contract only where it is silent or obscure.    It was said in Clark v. Harvey, 54 Pa. 142 : "By the custom or, as it has been called, the common law of Pennsylvania, the tenant of a farm under a lease from year to year for agricultural purposes, is entitled to the way-going crop.    This is the way, in view of which such letting must be presumed to have been made, if nothing to the contrary be said."    But it is also true that the custom may be used in interpreting and giving effect to a writ- ten agreement not otherwise clear: First Nat. Bank v. Fiske, 133 Pa. 241.

It is certainly competent for the parties to ignore the custom or to make an agreement contrary to it.    If they have done so, they are to be bound by it.    But have they done so in the present case?

It is fair to assume that the tenant was to receive one crop and only one for each year's rental.    If he received the land- lord's share of the crop put out in 1890, under the lease made in the fall of that year, as he would apparently have been en- titled under the terms of the lease, if it was the same as that of 1892, he would have had the crop for which he paid the rent of the year 1891, but this does not affirmatively appear. Nor is there evidence that the crop of wheat sown in 1890, un- der the lease on the shares, was not divided in accordance with its terms.    If it was so divided, it is clear that plaintiff could secure· his wheat crop for the year 1891 only from what was sown in that year but reaped in 1892.    This would have been in accordance with the custom and, continued from year to year, would have compelled the plaintiff to get the wheat crop reaped in 1900 for the rent of 1899.

The evidence in this case is not as satisfactory as it might. have been nor indeed as it should have been.    Plaintiff does not seem to be responsible for this condition, inasmuch as he offered to show "before he came to pay the money rental who put out the crop and how it was put out."    This was objected to by the defendant on the ground "that the agreement of 1892 fixes the rights of the parties and whatever rental or bar-.

gain he had prior thereto cannot affect the written contract between the parties." Taking the case, therefore, as it is presented to us, we think the judgment should be, as it now is, affirmed.