# Commonwealth *v.* Burford, Appellant.

*Trespass—Posted land—Private ways—Ways of necessity—Act of April* 14, 1905, *P. L.* 169.

1. The Act of April 14, 1905, P. L. 169, entitled, "An act making it unlawful to trespass upon land posted as private property, and providing the penalty therefor," does not apply to a case where the owner of land builds tenement houses thereon in rows, and leases them to tenants, and where the only access to the houses for the tenants and those who have relations .with them is by customary or private ways on the land leading to public highways. A tradesman who uses such customary or private ways in order to deliver goods at the house of one of the tenants who has ordered the goods is not liable to the penalty imposed by the act for trespass upon posted land.

2. When a conveyance contains no express grant of a right of way appurtenant to lands and no words are used from which such grant arises by implication, such right of way may, however, arise from the circumstances of the grant itself. The most marked right of way arising

in this manner is the way of necessity. Where land is sold or leased and is so situated that access to it from the highway cannot be had except by passing over other land of the grantor or lessor, the grantee or lessee becomes entitled to a right to pass over the land of his grantor or lessor for the purpose of reaching the highway and returning to his own land.

3. A right of way appurtenant to a house includes not only the right of the lessee to the use of it, but also the right to its use by any other person who with the permission of the tenant visits the house for any lawful purpose.

Argued Oct. 6, 1908. Appeal, No. 74, April T., 1909, by defendant, from judgment of Q. S. Fayette Co., June T., 1907, No. 217, affirming judgment of justice of the peace in case of Commonwealth *v.* Isaac H. Burford. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Appeal from conviction by a justice of the peace. Before VAN SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the judgment of the court.

*W. C. McKean*, of *Robinson, McKean & Martin*, for appellant.—The appellant claims that the summary conviction in this case should not have been sustained by the court below, because appellant was not a trespasser at common law, and only such are contemplated by the act: Wissler v. Hershey, 23 Pa. 333; Stove Co. v. Evans, 9 Pa. Superior Ct. 597; Gunson v. Healy, 100 Pa. 42; Halderman's App., 104 Pa. 251; Cochran v. Library Co., 6 Phila. 492.

*W. J. Johnson*, of *Johnson & Rush*, for appellee, cited: Com. v. Rogers, 1 Del. Co. Rep. 517; Com. v. Lapempti, 16 Pa. Dist. Rep. 403.

OPINION BY PORTER, J., February 26, 1909:

The defendant having, in a proceeding before a justice of the peace, been convicted of and fined for a willful and unlawful

entry upon lands, upon which the owners had caused to be prominently posted printed notices that the said land was private property and warning all persons from trespassing thereon, under the provisions of the Act of assembly approved April 14, 1905, P. L. 169, entitled: "An Act making it unlawful to trespass upon land posted as private property, and providing the penalty therefor," the court of quarter sessions allowed an appeal from said judgment. The parties entered into a written agreement, as to the facts, which was filed in the court below in the nature of a case stated, and upon the facts thus brought upon the record the court adjudged the defendant guilty and affirmed the judgment of the justice. The defendant appeals, and the only question presented is, are the facts embodied in the case stated sufficient to sustain the judgment.

The title of the act of April 14, 1905, above quoted, clearly indicated that it was the legislative intention to deal with the subject of trespasses upon land posted as private property, and to provide the penalty therefor. The subject was not new; trespass upon land which was private property had for very many generations been recognized by the common law as unlawful, a private injury or wrong. Blackstone defines it, book III, chap. 12, p. 209, thus: "It signifies no more than an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property. For the right of meum and tuum, or property in lands, being once established, it follows as a necessary consequence that this right must be exclusive; that is, that the owner may retain to himself the sole use and occupation of his soil; every entry, therefore, thereon without the owner's leave, and especially if contrary to his express order, is a trespass or transgression." And again, on p. 214 of the same chapter: "Every trespass is willful, where the defendant has notice, and is especially forewarned not to come on the land." The injury or wrong was a private one, and the remedy was in an action of trespass by the owner.

· The first section of the act declares that, "It shall be unlawful for any person willfully to enter upon any land, . . . . where the owner or owners of said land has caused to be prominently

posted upon said land printed notices that the said land is private property, and warning all persons from trespassing thereon." It requires no resort to artificial rules of construction to arrive at the conclusion that what the legislature here declared to be unlawful was a willful trespass upon land which had been posted by the owner in the manner indicated by the statute. It certainly was not the legislative intention to prohibit every entry, whether with or without right, upon land which had been thus posted; and give to the soil a sacred character. In seeking the legislative intention it would not be reasonable to confine the inquiry to the one clause of the section made up of these words, "It shall be unlawful for any person willfully to enter upon any land," which has been posted. To do this would be to hold that the owner could not enter upon his own land, nor make any contract permitting any other person to so enter. The notices which the act requires to be posted must warn "all persons from trespassing" upon the lands. Considering the section as a whole its meaning is free from doubt. When the owner has posted upon the land notice warning all persons against trespassing thereon, an intentional trespass shall render the trespasser subject to the penalty imposed by the statute. When thus read the statute contains nothing of which its title did not give that notice required by the constitution. The statute certainly contains nothing from which could be implied a legislative intention to do anything but make subject to a penalty such things as were and always had been trespasses upon land. The effect of the statute was to declare to be a public wrong and subject to a penalty a thing which had until that time been a private wrong for which the party injured had a remedy by private action. This act did not change the rights of the owner of the land, nor deprive him of any power to enter into contracts giving to other persons the right to enter upon his holdings, nor can it have any effect upon the rights acquired under any contract with regard to said lands, into which he may enter. There was not concealed in the body of this statute any provision which could by any reasonable intendment be held to take away from any person having an interest in land, which under the existing law en-

titled him to enter thereon, the right to so enter. Had such a provision been concealed in the body of the act, the title of the statute gave no notice of it and the constitutional provision would have rendered it invalid.

Fitzgerald and Lenhart were the owners in fee simple of a large tract of land in Fayette county upon which they had caused notices to be posted in the manner provided for by the act of April 14, 1905. They operated upon this tract a coke works at which they employed a large number of men. On this land were located about eighty-five tenement houses, in which the employees of said coke works reside; said houses being arranged in rows or streets, which had no outlet to the public road except over the private property of Fitzgerald and Lenhart. The village is traversed by private and customary ways and paths used by said tenants and the other employees of the proprietors. There has been no dedication by deed or plot of the streets or ways of said coke village to public use, but the same are private ways over the lands of the proprietors in which no other than the proprietors and their employees have any interest or property, but there are no other means of ingress or egress to and from the residences of said tenants than over said private ways. The owners leased the several houses to various tenants. The written lease in each case was for the term of one month, it designated the lessee, the amount of rent to be paid, the number by which the house was known, provided for the payment of the rent punctually and that in case of a holding over the tenancy should be for another month and from month to month. The written lease contained no reference to any public or private way. Burford, the defendant, was a dealer in merchandise in the borough of Uniontown, and having received orders for certain specified goods from certain tenants of the aforesaid houses, upon the property of Fitzgerald and Lenhart, with direction that the goods be delivered at said residences of the persons so ordering the same, he attempted to make delivery of the goods in accordance with such orders. While delivering said goods and at the time he was arrested the defendant traveled on foot and used only the private ways or paths customarily used by the tenants of said houses in going

to and from their daily employment and in going to and from the public road. He could not have delivered said goods at said houses in any other way. While in the act of delivering such merchandise so ordered he was arrested. Upon these facts and no others he was convicted.

When Fitzgerald and Lenhart leased a house in the village to a tenant, that necessarily involved a demise of the land upon which the house stood and the lot, if any, used in connection therewith. The property leased was entirely surrounded by other lands of the lessors and was not accessible from any highway in any manner save over such other lands. The written lease contained no express grant of a right of way from the house to the public highway, nor did the mere words of the lease embody anything from which such a grant could be implied. When a conveyance contains no express grant of a right of way appurtenant to lands and no words are used from which such grant arises by implication, such right of way may, however, arise from the circumstances of the grant itself. The most marked right of way arising in this manner is the way of necessity. Where land is sold or leased and is so situated that access to it from the highway cannot be had except by passing over other land of the grantor or lessor, the grantee or lessee becomes entitled to a right to pass over the land of his grantor or lessor for the purpose of reaching the highway and returning to his own land: Wissler v. Hershey, 23 Pa. 333; Ogden v. Grove, 38 Pa. 487, and note to Atkyns v. Bordman, 4 Leading Cases in the American Law of Real Property, Sharswood & Budd, p. 191. Had there been no recognized private customary way leading from the houses in the village to the highway, the tenants of those houses would have been entitled to a way of necessity, from their houses over the other land of the lessors to the highway. The facts agreed upon in the case stated, however, established that the village was traversed by private and customary ways and paths used by the tenants in passing through the village "and in going to and from the public road," and, further, that the tenants could only have access to their houses over such "private and customary ways." An owner of land may, in Pennsylvania, arrange it as he pleases, doing no

injury to others, and may provide ways or other privileges necessary for the convenient use of the different parts of his land. When he has thus provided ways for the specific use of particular parts of his land and conveys the different parts of the tract, by deed or lease, in fee or for a definite term, the grantees or lessees take the several parts subject to the servitude of such ways or with the right to the use of such ways appurtenant to their land, as the case may be, in the absence of an express reservation or agreement on the subject. In such a case justice requires that the grant should be construed against the grantor so far as to pass the privileges annexed by himself to the property conveyed: Kieffer v. Imhoff, 26 Pa. 438; Eby v. Elder, 122 Pa. 342; Zell v. Universalist Society, 119 Pa. 390; Geible v. Smith, 146 Pa. 276; Held v. McBride, 3 Pa. Superior Ct. 155; The Church v. Vonneida, 6 Philadelphia, 557. When Fitzgerald and Lenhart leased the several houses they, the owners of the land, knew of the existence of these private customary ways and they knew, also, that these ways were the only means of access to the houses which they were leasing. These private and customary ways, therefore, passed by the lease as appurtenant to the house, and the fact that the lease contained no express grant is wholly immaterial. The ways being appurtenant to the house, the title to the latter carried with it the right to the use of the way. The right being appurtenant to the house, it included not only the right of the lessee to the use of it, but that it might be used by his family and others who with the permission of the tenant visited his house for any lawful purpose. "It needs no citation of authority to show that such a right of way, appendant or annexed to an estate, may be used and enjoyed by those who own or lawfully occupy any part of the dominant tenement for any purpose to which it may from time to time be legitimately applied. Only those who may be properly regarded as trespassers on the dominant tenement can be excluded:" Gunson v. Healy, 100 Pa. 42.

The appellant was using the customary private way leading to the houses of the tenants upon the tract of land in question under the right of such tenants, to whom and upon whose express orders he was at the houses delivering necessary family

supplies. The right of the tenants justified his entry and he was not a trespasser.

The judgment is reversed and the appellant discharged.