## Marple, Appellant, *v.* Brister.

*Landlord and tenant—Way-going crops—Timothy and clover crop—Custom.*

Mixed timothy and red clover grass planted in the autumn by a farm tenant as a separate crop, not sown with either wheat or rye, is not a way-going crop, which under the common law of Pennsylvania, such tenant is entitled to harvest and remove in the proper

season after the expiration of the term, even if he remove from the premises at the end of such term at the instance of his landlord.

Argued Dec. 8, 1915. Appeal, No. 226, Oct. T., 1915, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1914, No. 1, for defendant on case tried by the court without a jury in suit of Daniel F. Marple v. W. C. Brister. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass for cutting a crop of timothy and clover.

The case was tried by the court without a jury before MILLER, J.

From the record it appeared that plaintiff was a tenant from year to year of a farm.

He removed therefrom at the end of a yearly term, or on April 1, 1913, pursuant to notice to that effect from his landlord when the defendant entered into possession of the same premises as the succeeding tenant thereof.

In the fall of 1912 the plaintiff had planted on said premises about 16 acres of mixed timothy and clover grass as a separate crop and without having sown either wheat or rye with it.

In the succeeding summer he returned to the premises for the purpose of removing this grass, as a way-going crop, but the defendant prevented him from doing so.

This suit for the recovery of damages having been brought, the parties thereto filed an agreement dispensing with trial by jury and submitting the decision of the case to the court.

The court entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Henry Freedley,* for appellant.—The tenant is entitled to the way-going crop: Howell v. Schenk, 24 N. J. L. 93; Stultz v. Dickey, 5 Binn. 285; Forsythe v. Price, 8 W.

283; Craig v. Dale, 1 W. & S. 519; Bittinger v. Baker, 29
Pa. 66; Clark v. Harvey, 54 Pa. 142.

*Montgomery Evans,* with him *Aaron A. Swartz, Jr.,
John M. Dettra* and *Samuel H. High,* for appellee.—The
extent of crops covered by the custom has been well de-
fined and recognized by the courts, and has never been
held to apply to anything other than the so-called winter
grain. This means wheat and rye sown in the fall, but
which does not mature until the following summer:
Stultz v. Dickey, 5 Binney 285; Clark v. Harvey, 54 Pa.
142; Demi v. Bossler, 1 P. & W. 224; Reiff v. Reiff, 64
Pa. 134.

OPINION BY ORLADY, J., July 18, 1916:

The question raised by this appeal has not been pre-
sented in any case in this State.

The conclusion reached by the learned court below,
"that mixed timothy and red clover grass planted in the
autumn by a farm tenant as a separate crop, not sown
with either wheat or rye, is not a way-going crop, which
under the common law of Pennsylvania, such tenant is
entitled to harvest and remove in the proper season after
the expiration of the term, even if he remove from the
premises at the end of such term at the instance of his
landlord," is justified by the authorities.

The case was fully presented, through an agreement
dispensing with a trial by jury, and the findings of fact
are clearly sustained by the evidence.

If the contention of the appellant should be adopted,
it would be possible for an outgoing tenant not only to
harvest all the winter grain which he might sow, without
timothy or clover seed, and in addition all the hay, tim-
othy and clover which he might sow the preceding fall on
other lands, and after termination of his lease, with an-
other tenant in possession, he could return and remove
the winter grain, as a way-going crop, leaving only stub-
ble upon that land, and also remove the timothy and

clover grass on the other portions of the farm, so that the incoming tenant would be without productive land during his first year. This would not be good husbandry, and is not warranted by any custom of farmers in this State. If such an unreasonable situation was contemplated it should have been provided for by a special stipulation in the lease.

Where a tenant of agricultural land sows in the fall of the year, a crop of grain which requires for its ripening a period greater than the unexpired term of his lease, the crop is called the "way-going crop," to which the tenant has a right in the absence of an express agreement of the parties: Ellison v. Duffy, 3 Penniwell 45; 49 Atlantic 178; Stultz v. Dickey, 5 Binney 285; 6 Am. Dec. 411.

The judgment is affirmed.