## Commonwealth v. Nevin and Smith.

*Trespass—Trespass upon land—Aviation—Flight over land as trespass thereon—Act of April 14, 1905.*

. The flight by aviators in an aeroplane over lands posted against trespass, in accordance with the provisions of the Act of April 14, 1905, P. L. 169, is not such wilful entry upon the lands as to constitute a trespass and to sustain a conviction under the act.

Appeal from summary conviction. Q. S. Jefferson Co., April Sess., 1922, No. 82.

. *W. B. Adams*, for Commonwealth; *Charles J. Margiotti*, for defendants.

CORBET, P. J., July 17, 1922.—This case has just been heard and fully argued. Neither the information nor the judgment of the justice imparts any specific information as to the character of the offence.

· The testimony before the court was not entirely in accord, but, in so far as necessary to a proper determination of the case, we find therefrom:

1. That Oscar P. Grube, the prosecutor, is the owner of an occupied farm, in a good state of cultivation, and with suitable buildings thereon, situated in Bell Township, this county, upon which land, at the time of the occurrence hereafter mentioned, he had caused to be prominently posted such notices as are prescribed by the Act of April 14, 1905, P. L. 169.

2. That Harold O. Nevin, one of the defendants, an experienced aviator, was engaged in the business of carrying persons, for a consideration, in short flights in an aeroplane.

3. That for the purpose of prosecuting said business the use of a starting and landing place had been obtained, near to the Borough of Punxsutawney, on the farm of a Mr. Bargerstock, adjacent to the aforesaid Grube farm.

4. That on July 13, 1922, said Harold O. Nevin, operating the aeroplane and with a passenger aboard, rose in flight into the air from the place mentioned on the Bargerstock farm, flew over the Grube farm or land, and, after a short circuitous flight, returned, without again flying over the Grube land, to the starting place. The aeroplane, when it first came over the Grube land, was about fifty feet above the ground, and the height was increased to about 350 feet by the time its passage over it terminated. The aeroplane was in the air all of the time of its flight over the land and at no time touched it.

For this offence, if it be one, the prosecutor made an information under the aforesaid Act of April 14, 1905, and, after hearing, the justice of the peace sentenced Harold O. Nevin and Leon D. Smith to a fine of $1 each and the costs of prosecution, and, in default of payment, a day in jail for each dollar of fine and costs.

We were not informed that Leon D. Smith, a defendant, participated in any way in the flight.

· At the time of the passage of the act in question, it seems improbable the legislature had in contemplation the flight of an aeroplane over land, or that it intended to class such a flight, if made, as in every instance a wilful and unlawful trespass upon land punishable under the act.

The first instance of successful mechanical flight by man was on Dec. 17, 1903, and it lasted fifty-nine seconds. Not until Dec. 31, 1908, was the duration of such a flight increased to two hours and twenty minutes: Century Dictionary, vol. 1, supplement, title "Aeroplane."

In construing the act, the Superior Court, in an opinion by Porter, J., approved by the Supreme Court in Com. *v.* Burford, 225 Pa. 93, said, among other things: "The statute certainly contains nothing from which could be

implied a legislative intention to do anything but make subject to a penalty such things as were, and always had been, trespasses upon land. The effect of the statute was to declare to be a public wrong, and subject to a penalty, a thing which had until that time been a private wrong for which the party injured had a remedy by private action."

Before incurring the penalty of the act, it is essential that the alleged trespasser shall first have been warned by notices "posted upon" the "land" where they might be seen. But it seems incredible the legislature would expect "printed notices" posted upon the land to be seen by an aviator in rapid flight over a piece of land, or that he could or would descend, alight, ascertain property lines, and then look for notices in order to determine—if not already a trespasser and arrested as such—whether he was at liberty to proceed or could go no farther—than to jail, perhaps. Clearly it cannot be said that the flight of an aeroplane over land was, at the time of the passage of the act, such a thing as was, and always had been, a trespass upon land. "Wilfully to enter upon land," as used in the act, indicates an encroachment on or interference with the owner's occupation of his soil; but is not synonymous with a flight through the air over it, which has yet, so far as we are aware, to be held an entry upon it, and a meaning of the term not heretofore attributed to it.

The court is of opinion the Act of April 14, 1905, P. L. 169, is inapplicable and does not warrant the present prosecution. Hence, any further discussion of the case is deemed unnecessary.

And now, July 17, 1922, after hearing and due consideration, the defendants are found not guilty and discharged. The costs to be paid by Oscar P. Grube, the prosecutor.

From Raymond E. Brown, Brookville, Pa.