## Commonwealth v. Peterman, Appellant, et al.

Argued March 7, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

498

*Thomas J. Grover,* for appellant.

*R. S. Hemingway,* with him *Harold G. Teel,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., April 13, 1938:

On appeal from a summary proceeding brought under the Act of Assembly approved April 14, 1905, P. L. 169 (18 PS §3311), the court of quarter sessions found the appellant guilty of willfully trespassing upon lands which the owners had caused to be posted by printed notices warning persons from trespassing thereon.

The evidence discloses that the agent for the B. E. Whitmoyer Estate, under written agreement, dated April 1, 1935, leased a farm in Columbia County, for the term of one year, to the appellant, who took immediate possession thereof and, with the consent of the landlord, continued on the premises for another year, moving therefrom on April 1, 1937.

The tillable portion of this farm was about 115 acres and the appellee contends that good husbandry required that 20 to 25 acres be used for each of the crops of corn, wheat, oats, and hay. The appellant, after cutting his oats in the year 1936, seeded winter wheat not only in the 24 acres where the oats had been harvested, but also in other fields, amounting in all to 80 to 82 acres. The appellee alleges there was left an insufficient acreage for the incoming tenant to plant the other main crops.

In July, 1937, the landlord's agent placed the trespass signs on the property. He informed the appellant he had no objection to his going on the farm to harvest

the 10 and 14 acre fields, which had been planted in oats the previous year, but notified him not to cut the additional wheat he had sown. After harvesting the 24 acres, the appellant cut the wheat on a part of the remaining acreage; his arrest followed.

The lease is silent as to the number of acres the appellant was to sow in wheat. Nevertheless, it was his duty to cultivate the land according to the requirements of good husbandry: *Lewis v. Jones,* 17 Pa. 262. It is the well-settled rule that a tenant of a farm for agricultural purposes under a lease from year to year is entitled to the way-going crop in the absence of an express agreement to the contrary, and has the right of access thereto when ripe, to reap it and take it away: Trickett on Landlord and Tenant (2d Ed.) p. 561; *Forsythe v. Price,* 8 Watts 282; *Clark v. Harvey,* 54 Pa. 142; *McKay v. Pearson,* 6 Pa. Superior Ct. 529. "Where a tenant of agricultural land sows in the fall of the year, a crop of grain which requires for its ripening a period greater than the unexpired term of his lease, the crop is called the 'way-going crop,' to which the tenant has a right in the absence of an express agreement of the parties": *Marple v. Brister,* 63 Pa. Superior Ct. 470, 473. It may be that the tenant did not exercise good husbandry in sowing so many acres in wheat, but for that breach of duty the landlord had redress; he had, and may now have, a remedy in a civil cause. "If there were bad husbandry in the case, the redress for that was by suit, and not by confiscation of the tenants' rights": *Clark v. Harvey,* supra (p. 143). The landlord, claiming title to grain sowed in excessive acreage, could have asserted his rights in an action of replevin *(Lehman et al. v. Kellerman,* 65 Pa. 489), as growing crops, unlike trees or other natural products of the earth, are personal property: *McKay v. Pearson* supra.

The appellant's entering upon the owner's land after the expiration of the lease and his surrender of possession of the premises, for the purpose of obtaining property to which he had some grounds to assert title, did not constitute a criminal offense and subject him to an arrest, even if his action was against the landlord's will. He retained for a particular purpose a certain interest in that part of the land where his crop was growing, with the right of entry to recover the profits of his labor. Judge PORTER pointed out in *Com. v. Burford,* 38 Pa. Superior Ct. 201, 204, affirmed by the Supreme Court in 225 Pa. 93, 73 A. 1064, that it was not within the intent of the act of 1905, supra, to prohibit every entry upon land which had been posted; that its purpose was to impose a penalty for conduct which had always amounted to trespass; that the act did not "have any effect upon the rights acquired under any contract with regard to said lands." The intendment of this statute was to impose a penalty for a *willful* trespass—an entry upon land without a lawful excuse. It has no application to one who under a claim of right to property, reasonably well founded, enters upon demised premises after the termination of a lease to recover a way-going crop. We might add there was no evidence of any special damage done to the land by the tenant in harvesting his crop.

The facts in *Com. v. Shapiro,* 41 Pa. Superior Ct. 96, cited by appellee, are very unlike those in the case at bar, as the covenant violated was contained in a lease expressly providing for a definite and limited use of a right-of-way.

The unanimous opinion of this court is that the conviction was wrong, as the facts in this case do not warrant the finding that the defendant was guilty of a wilful trespass, within the purview of the 1905 statute.

Judgment of the learned court below is reversed.