## Commonwealth v. McSherry

*John P. Butt*, for Commonwealth. ·
*J. Francis Yake, Jr.*, for defendant.

SHEELY, P. J., April 9, 1938.—Defendant was charged before R. M. Straley, justice of the peace, with having unlawfully and "willingly" entered and trespassed upon the land of Jacob L. Howe for the purpose of hunting thereon without consent of the owner; the owner of said lands having posted notices warning all persons that the land was private property and that no hunting was allowed, as provided by the Act of April 14, 1905, P. L. 169. Defendant was convicted and, by special allowance of the court, took this writ of certiorari.

Defendant has filed 11 exceptions to the record of the justice of the peace, alleging that the transcript of the justice fails to show that defendant "wilfully" entered the lands of the prosecutor, or that the "owners of such land had caused to be prominently posted upon said land printed notices that said land is private property, and warning all persons from trespassing thereon under the penalties provided" in the act. The transcript sets forth

that a hearing was held before the justice on November 17, 1937, at which defendant was represented by counsel but did not testify. At the conclusion of the hearing, counsel "asked to have the case dismissed for the reason that the prosecutor did not state that the land was posted with notices according to law; same refused due to the fact that the information stated the notices were posted on said land according to the Act of Assembly of April 14, 1905, and the information was read at the beginning of the hearing. After the hearing decision held under advisement until November 24, 1937, at 8 p.m." On the latter date defendant was adjudged guilty.

The nature of the Act of 1905 is discussed in Commonwealth v. Burford, 225 Pa. 93 (1909). It was there said:

"The effect of the statute was to declare to be a public wrong and subject to a penalty a thing which had until that time been a private wrong for which the party injured had a remedy by private action . . . what the legislature here declared to be unlawful was a willful trespass upon land which had been posted by the owner in the manner indicated by the statute."

To sustain a conviction under this act it is incumbent upon the Commonwealth to prove that the land in question was posted as required by the statute, and that defendant wilfully entered upon such lands. Both elements are essential, and if either element is lacking no conviction can be had: Commonwealth v. Simon, 22 Dist. R. 83 (1912) ; Commonwealth ex rel. v. Zdnosky, 21 Dist. R. 1052 (1912).

In all cases of summary convictions the record of the justice of the peace must contain a finding that a special act has been performed by defendant, so described or defined as to show that it falls within an unlawful class of acts, and the substance of the testimony of the witnesses must appear: Commonwealth v. Borden, 61 Pa. 272 (1869) ; Commonwealth v. Nesbit, 34 Pa. 398 (1859).

The record in this case not only fails to show that any evidence was produced showing that the lands in question were posted, as required by the Act of 1905, but it affirmatively appears of record that the absence of such evidence was called to the attention of the justice of the peace. Instead of recalling the prosecutor to supply the missing testimony, if it existed, the justice of the peace accepted the allegation of the information in lieu of testimony. The information is filed for the purpose of instituting the proceedings and informing defendant of the charges against him. It cannot be accepted as evidence to sustain a conviction as it is merely an ex parte statement as to which defendant has no opportunity of cross-examination.

It appears, therefore, that defendant in this case was convicted of the charge of trespassing upon posted land, but that no testimony was produced at the hearing to show that the land was posted which, as we have shown above, is an essential element of the offense. The exceptions filed to the record of the justice of the peace must be sustained and defendant discharged.

And now, April 9, 1938, it is ordered and decreed that the exceptions to the record of R. M. Straley, justice of the peace, in the above matter be and they are hereby sustained, and the judgment entered by the justice of the peace is set aside.