## Bowser et ux., Appellants, *v.* Patton et ux.

Argued April 15, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry P. Boarts,* for appellants.

*H. A. Heilman,* with him *Robert D. Noel, Jr.,* for appellees.

OPINION BY DITHRICH, J., July 17, 1947:

Appellants, tenants under an agricultural lease of a farm owned by appellees, are here attempting to receive two crops for one year's rental, an unheard of proposition either under the common law or the general custom in Pennsylvania. There is no statute on the subject.

Under the common law a tenant for years had no right to a crop of grain sown by him during a term and coming to maturity after its expiration. Littleton, Section 68.

The common law has been modified in Pennsylvania by a general custom, that has the status of a general

law, that where a lease commences in the spring of one year and ends in the spring of another *and the tenant does not receive a crop at the commencement of his lease,* he is entitled to the crop of winter grain sown by him before the expiration of his lease. *Stultz v. Dickey,* 5 Binney 285; *Comfort v. Duncan,* 1 Miles 229.

Appellants brought this action in trespass to recover damages of appellees on the ground that they were prevented from entering upon appellees' land for the purpose of harvesting a crop which they had planted during their tenancy. From the entry of judgment n. o. v. they have brought this appeal.

They contend that, notwithstanding they received the full benefit of the crop of wheat planted by the appellees and which they, the appellants, harvested, they also are entitled to the wheat which they planted but which did not ripen until after the expiration of their lease. This on the ground that the written lease contained no express provision taking away from them the right to the way-going crops planted by them. As a general rule their contention is sound (*Commonwealth v. Peterman et al.,* 130 Pa. Superior Ct. 497, 198 A. 687), but under the express terms of their lease for a period of *one year,* appellants were to receive and did receive the "growing crops thereon" when they entered into possession. Had it not been for that provision in the lease, the "growing crops" would have been the property of appellees and appellants then would clearly have been entitled to the way-going crops. But to hold that they are entitled to both the growing crops and the way-going crops, or to two crops for one year's rental, would be not only to do violence to a rule of law that has been settled and established in this Commonwealth for a century or more, but also to disregard the plain terms of the lease. *Stultz v. Dickey,* supra, (1812); *Comfort v. Duncan,* supra, (1836); *Whorley v. Karper,* 20 Pa. Superior Ct. 347; *Myers v. Elmer,* 17 D. R. 413.

Judgment affirmed.