## Swanson v. Carlson

*Bernard J. Hessley,* for plaintiffs.
*H. Robert Hampson,* for defendants.

WOLFE, *P.J.,* July 15, 1986 — The pleadings being closed, defendants have filed a motion for judgment thereon. Plaintiff leased 26 acres of farmland from defendants on a year-to-year term for the purpose of growing hay for use in plaintiff's dairy farm

operation. The lease arrangement commenced in 1972, at which time plaintiff planted what is known in the science of agronomy as "birds-foot trefoil," a hybrid hay used as fodder for cattle and may be harvested two times per year in this area. Since the planting of this crop of hay, plaintiff has yearly harvested it until notice was given him by defendants on February 2, 1985, of termination of the lease.

Plaintiff's action is for damages he allegedly suffered because he was not permitted to go upon the premises and harvest the hay for 1985. Plaintiff has admitted he is delinquent in the rent in the amount of $400 for 1985.

Although plaintiff acknowledges the lease was on an annual term, nonetheless, it is his position he is entitled under the doctrine of emblements to harvest the hay for 1985.

In our view plaintiff's reliance upon *Commonwealth v. Peterman,* 130 Pa. Super. 497 (1938) is not applicable to the factual instant case. In *Peterman,* supra, the lease of defendant was on a year-to-year tenancy and defendant had sown winter wheat on a portion of the leased acreage, after which the owner-lessor posted the property "no trespass." Nonetheless defendant entered the premises after the wheat was ready for harvest and removed it, which caused his arrest and conviction as a willful trespasser. The court held a tenant of a farm for agriculture purposes under a lease from year to year is entitled to the "way-going crop" in the absence of an expressed agreement to the contrary and has the right of access thereto when ripe, to reap and take it away. Trickett on Landlord and Tenant (2d Ed.) p. 561; *Forsythe v. Price,* 8 Watts 282; *Clark v. Harvey,* 54 Pa. 142 (1867); *McKay v. Pearson,* 6 Pa. Super. 529 (1897).

"Where a tenant of agricultural land sows in the fall of the year, a crop of grain which requires for its ripening a period greater than the unexpired term of his lease, the crop is called the 'way-going crop' to which the tenant has a right in the absence of an expressed agreement of the parties." *Marple v. Brister,* 63 Pa. Super. 470, 473 (1916).

Defendants rely upon *Reiff v. Reiff,* 64 Pa. 134 (1870) which holds "emblements are corn and other growth which are produced annually, not sponteously, but rather by labor and industry and such products are fructus industriales." The court recognizing that a tenant at will has the right to harvest and remove from the land crops he has planted, despite the termination of his tenancy as this is a just result in that the lessor should not be permitted to reap the fruits of the labor of the tenant. The court found that crops such as corn, wheat, rye, oats, buckwheat and potatoes and even hemp, Hungarian grass, flax and millet are included among emblements; however, clover, timothy or meadow grass are not.

"The custom of the country which allows to a tenant the way-going crop is not applicable to this case — still there is some analogy between the two relations, and some aid may be derived from the law governing the relationship of landlord and tenant. It has never been pretended that a tenant from year to year had a right to anything more than the crop of grain sown by him; to enlarge the right to the crop of grass produced a year or two after, from seed sown at the same time, would comport with no custom or law, but would be opposed to well-established rules of good husbandry, and convert what may have been intended as a lease for a year into an indefinite term, for it is well known that timothy and clover are perennial grasses, and will spring from

the root for several successive years. If the tenant is entitled to the first yield of grass, why not to the second, third and fourth, or until the root is exhausted?"

Instantly, plaintiff does not dispute this well-settled law; however argues birds-foot trefoil should be equated with other grains due to its hybrid nature and thereore should not be classified as common hay. We disagree with this argument in that hay is hay, despite its hybrid nature. It may equally be argued other grains may be of a hybrid nature if they are blended with different varieties of grains; nonetheless, the final result is the same species of grain.

Additionally, there is no argument presented that plaintiff annually labored in the hayfield to improve the crop in any respect. Finally, plaintiff admits his rental default.

We find no genuine issue to be tried and enter the following

### ORDER

And now, this July 15, 1986, defendants' motion for judgment on the pleadings is granted.