527 A.2d 577

**Allen L. SWANSON, Appellant,**

**v.**

**Clarence E. CARLSON and Barbara A. Carlson.**

Superior Court of Pennsylvania.

Argued April 30, 1987.

Filed June 22, 1987.

---

Marcia M. Ziki, Warren, for appellant.

H. Robert Hampson, Warren, for appellees.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment on the pleadings granting appellees the right to harvest hay on land that they had leased to appellant. We affirm.

The issue presented on appeal is whether the doctrine of emblements entitled appellant to harvest hay on land that he leased from the appellees.

The record indicates that appellant Allen Swanson leased 26 acres of farmland from appellees Clarence and Barbara Carlson. Appellant used the farmland to grow hay for use in his dairy farm. The lease arrangement began in 1972, with year-to-year terms. Appellant planted a type of hybrid hay known as "birds-foot trefoil." This hybrid hay was used as fodder for cattle.

Appellant sought damages that allegedly stemmed from appellees' refusal to permit him to harvest hay during 1985. Appellant's lease was terminated as of May 1985. The trial court opinion informs us that appellant admitted to being in arrears on his 1985 rental payments. Appellant argues that he is entitled to the harvested hay for 1985 based on the doctrine of emblements. This appeal followed the trial court's rejection of that argument.

██ The Pennsylvania case law in this area is both sparse and old. Emblements are crops which are produced annual-

ly, not spontaneously, but by labor and industry. *Reiff v. Reiff*, 64 Pa. 134, 137 (1870). Emblements are also referred to as fructus industriales, *id.*, or "way-going crops." The classification of crops as emblements impacts on the right of a tenant to those emblements after the termination of his tenancy.

Under certain circumstances, the doctrine of emblements entitles a tenant to crops planted during his lease, but not ready for harvest until the termination of his tenancy. W. Burby, *Real Property* 18 (1965) (citing *Edghill v. Mankey*, 79 Neb. 347, 112 N.W. 570 (1907)). The "doctrine is premised on the policy of avoiding waste of land and the equity that a tenant should be entitled to the crops or their value since it was his labor that produced them." *Gallager v. Nelson*, 383 N.W.2d 424, 425 (Minn.App.1986) (citing *Anderson v. Bureau of Indian Affairs*, 764 F.2d 1344, 1347 (9th Cir.1985)).

There is an indication that "in some states, the right of a tenant for years to 'way-going' crops is recognized if special circumstances, such as an unusually late season, prevented harvest prior to the termination of the lease." Burby, *supra*, at 19 (citing *Stultz v. Dickey*, 5 Binn. (Pa.) 285 (1812)). The record does not support the applicability of such an exception in this case.

■ We have previously held that when a tenant sows a crop in the fall which requires a period of ripening greater than the unexpired term of his lease, the tenant has a right to the crop. *Commonwealth v. Peterman*, 130 Pa.Super. 497, 499, 198 A. 687, 688 (1938) (quoting *Marple v. Brister*, 63 Pa.Super. 470, 473 (1916)). The *Peterman* case, however, dealt with the crop of wheat. The doctrine of emblements applies to wheat, because it is a crop which is the annual product of labor and industry. Annotation, *Rights in Respect of Crops as between Estate of Life Tenant and Remainderman*, 47 A.L.R.3d 784, 796 (1973).[1]

---

1. *See generally,* 21A Am.Jur.2d *Crops* §§ 2, 25; Annotation, *Rights as Between Landlord and Tenant, In Respect of Crops Unharvested at Expiration of Tenancy (Doctrine of Emblements)*, 141 A.L.R. 1240

Hay, however, has been characterized differently. In *Reiff v. Reiff,* 64 Pa. 134 (1870), the Pennsylvania Supreme Court held that "[t]he growing crop of grass, even if grown from seed, and though ready to be cut from hay, cannot be taken as emblements: because ... the improvement is not distinguishable from what is natural product, although it may be increased by cultivation." *Id.* at 137 (citation omitted). The *Reiff* Court concluded by observing that the "learned trial judge ... is a practical farmer, thoroughly acquainted with the established usages of our state, and we have no hesitation in agreeing with him that this crop of hay was not emblements." *Id.*

■ Although more than a century old, the decision in *Reiff* that hay is not subsumed by the term emblements [2] is still good law, and we are bound to follow it according to principles of stare decisis. *Cf.* 47 A.L.R.3d *supra* at 789 n. 16 (citing contrary viewpoint).

Appellant argues that the law should change in recognition of new developments in agronomy and horticulture, which have produced hybrids of hay which are sold as cash crops and commodities.[3] Notwithstanding the potential merits of appellant's argument, we are bound to apply the law of Pennsylvania as it now exists. As an intermediate appellate court, we are not free to choose which Supreme Court precedents to follow.[4]

Thus, we base our decision on the Pennsylvania Supreme Court's determination that the doctrine of emblements does

(1942); Restatement of Property § 121; Restatement (Second), of Property § 12.3, illustration 4 and comment i. *See also Bowser v. Patton,* 161 Pa.Super. 284, 53 A.2d 839 (1947) (discussing crop of winter grain).

2. Hay is defined as "herbage and esp. grass mowed and cured for fodder." Webster's Ninth New Collegiate Dictionary 557 (1986).

3. *See generally* 13 Pa.C.S. § 2105 comment 1. (Uniform Commercial Code places hay in the category of goods).

4. For a discussion of the role played by intermediate appellate courts, see Spaeth, *Achieving a Just Legal System: The Role of State Intermediate Appellate Courts,* 462 Annals 48 (1982); Hopkins, *The Role of an Intermediate Appellate Court,* 41 Brooklyn L.Rev. 459 (1975).

not apply to hay. Therefore, the trial court must be affirmed.

ORDER AFFIRMED.