528 A.2d 207

**Gregg A. LANGLEY, Appellant,**

v.

**Geno TIBERI and Jean Tiberi, his wife.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1987.

Filed June 22, 1987.

Vincent J. Roskovensky, II, Uniontown, for appellant.

Samuel J. Davis, Uniontown, for appellees.

Before ROWLEY, OLSZEWSKI, and CERCONE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from a judgment entered in favor of defendants-appellees and against plaintiff-appellant. The critical fact that prompted initiation of the action by appellant was the conversion, by appellees, of a corn crop planted and cultivated by appellant. In March, 1980, the parties entered into an oral agreement whereby appellant was

permitted to plant and cultivate a crop of corn on approximately ten acres of appellees' land. In lieu of paying a specific sum of money as rent for the use of appellees' land, appellant agreed to clear the brush and undergrowth from an adjacent orchard on appellees' land containing approximately one acre.

Appellant planted and cultivated a crop of corn on the leased ten acres. However, though appellees specifically called appellant twice, once in the end of June, 1980, and once in the middle of September, 1980, and requested that he clear the orchard as promised, appellant never did so. Thereafter, appellees sold the corn from the ten acres to a third party. The third party paid $400 and cleared the orchard as compensation for his purchase of the corn.

Appellant then instituted this action seeking damages for the conversion of his corn crop. The trial court, sitting without a jury, determined that appellant had breached his agreement with appellees, by failing to clear the orchard, and was thus not entitled to any damages. After the denial of his post-trial motions and entry of judgment against him, appellant filed this timely appeal.

Appellant raises two issues on appeal. First, he contends that the trial court misapplied the law when it found that he was not entitled to any recovery. Second, appellant claims that the trial court erred in permitting appellee Geno Tiberi to testify regarding his conversation with Mr. Skochelak, the third party. Appellant seeks to have the trial court's judgment reversed and judgment n.o.v. in the amount of $4450 entered in his favor. In the alternative, he seeks to have the case remanded to the trial court for a new trial.

Our standard of review in considering appellant's first issue is "to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law." *Buchanon v. Century Federal Savings and Loan Ass'n of Pittsburgh*, (No. 505 Pittsburgh, 1984, p. 8, filed February 10, 1987) [Available on WESTLAW, PA–CS database]. Further, the trial court's findings in a non-jury trial "must be

given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record." *Id.* at 8–9.

After a thorough review of the record, we find sufficient evidentiary support for all of the trial court's Findings of Fact. However, upon consideration of the trial court's application of the law to these facts, we find that it has erred. Therefore, we must reverse the judgment.

The trial court determined that "A person who willfully refuses to perform his part of a bargain cannot look to the Court to enforce his rights at the expense of the party he has willfully wronged." Opinion, p. 3. Appellant concedes that he failed to perform as promised. However, the trial court has overlooked the type of action before it. Neither party has made a claim for damages for breach of contract. Rather, appellant instituted the law suit to recover damages based on *conversion,* a civil action, until recently designated an action in trespass. The issue that now presents itself is whether appellant's breach of the oral lease is a complete defense to an action for conversion. We find that in these circumstances, it is not.

"A conversion is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Gottesfeld v. Mechanics and Traders Insurance Co.,* 196 Pa.Super. 109, 115, 173 A.2d 763, 766 (1961) [quoted with approval in *Stevenson v. Economy Bank of Ambridge,* 413 Pa. 442, 451, 197 A.2d 721, 725 (1964)]. The "chattel" alleged to have been converted is the corn crop. Both parties claim an interest in the crop. Appellant alleges that the crop was his personal property. Appellees claim that because of appellant's failure to perform his part of the bargain, he had no interest in the crop and therefore, they were justified in removing it.

We note that the agreement between the parties was actually an agricultural lease. The only unusual factor involved in this case was appellees' preference that the

"rent" be the clearing of their land rather than payment in cash. Thus, principles of landlord-tenant law are applicable.

The rights to an agricultural crop have previously been discussed by this Court in *Commonwealth v. Peterman*, 130 Pa.Super. 497, 198 A. 687 (1938). There the Court held that "growing crops, unlike trees or other natural products of the earth, are personal property." *Id.*, 130 Pa.Superior Ct. at 499, 198 A. at 688.[1] The Court further held that in the absence of an agreement to the contrary, the tenant is entitled to the way-going crop. *Id.* Though the crop at issue in the instant case was not "way-going," we find that the same policy applies. Appellant, as tenant of the land and cultivator of the crop, had the right to reap it and take it away.

In so holding, we do not disregard the fact that appellant failed to clear appellees' land as promised and thus remains liable to appellees for the unpaid "rent." We emphasize only that when an agreement between two parties involves the leasing of land, any disputes arising thereunder must be resolved in accordance with landlord-tenant principles. Traditionally, "a lease has always been regarded primarily as a conveyance rather than a contract...." Murray on Contracts, § 183 (2d edition, 1974). Further, promises made under leases have been treated independently so that the failure of one party to perform has not excused the other party from performing. *Id.*

Nonetheless, appellees argue and the trial court agreed that appellant's non-payment of the rent justified a forfeiture of the lease which resulted in the loss of all rights to the corn crop. We disagree. Under the circumstances of this case, there is no authority for such a conclusion. The law in this Commonwealth regarding forfeitures is quite clear. We first note the "well settled doctrine that forfeitures are odius and must be strictly construed." *Elizabethtown Lodge No. 596 v. Ellis*, 391 Pa. 19, 26, 137 A.2d 286,

1. The Pennsylvania Landlord-Tenant Act also defines agricultural crops, whether harvested or growing, as personal property. 68 Pa.S. § 250.102(4).

290 (1958) (citations omitted). Further, "the right to declare a forfeiture must be distinctly reserved," *Thomson v. Christie*, 138 Pa. 230, 249, 20 A. 934, 935 (1890), and, "the result of enforcing a forfeiture must not be unconscionable." *Id.*

Based on the uncontradicted evidence in the record before us we find that an oral lease existed, that it contained no provision for a forfeiture, that the net value of the corn crop was $4,112 (R.R. at 24), and that the value of personal services to appellees in clearing the land was $50 (*Id.* at 25). Under these facts appellant's failure to clear the one acre of land does not justify or warrant a forfeiture of the entire lease.[2]

In this Commonwealth, the rights and liabilities accruing under a lease are governed by the Landlord and Tenant Act, 68 Pa.S. §§ 250.101—399.18. Any claims that appellees had against appellant should have been asserted in accordance with the provisions of the Act. Our review of the Act discloses no authorization for the conversion of a tenant's crop by the landlord upon the tenant's failure to pay the rent. Rather, the landlord's remedy lies in an action in assumpsit under the Landlord-Tenant Act and, until recently, by distraint.[3] *Accord Commonwealth v. Peterman*, 130 Pa.Super. 497, 198 A. 687 (1938) (a landlord's redress for breach of a tenant's duty in not exercising good husbandry is in a civil cause, not by confiscation of the tenant's rights in the crop).

"It is an elementary principle of law that an aggrieved party may not vindicate the wrong done him by breaking the law himself." *Shared Diagnostic Services v. Henningsen*, 602 F.Supp. 428, 430 (E.D.Pa.1984). We thus find that the trial court erred as a matter of law in permitting

**2.** Moreover, even in the event of a forfeiture, the tenant does not necessarily lose the right to remove his personal property from the premises. *See* 49 Am.Jur.2d *Landlord and Tenant,* § 1053 (1970).

**3.** The provision giving a landlord the power to distrain property when the tenant is in arrears, 68 Pa.S. § 250.302, has been declared unconstitutional by this Court in *Allegheny Clarklift, Inc. v. Woodline Industries of Pennsylvania, Inc.,* 356 Pa.Super. 269, 514 A.2d 606 (1986).

appellant's breach to negate his rights as well as appellees' duties under the lease. As such we do not reach the merits of appellant's second issue.

Judgment reversed. Case remanded for a new trial. Jurisdiction relinquished.